# Fair *versus* City of Philadelphia.

1. The mere omission of municipal authorities, to provide adequate means to carry off the water which storms and the natural formation of the ground throw on a city lot, will not sustain an action by the owner thereof, against the municipality for damages arising from the accumulation of water on said lot by reason of the construction of a sewer, that was not of sufficient size to carry off the surface drainage.

2. Where the sewers were not defectively constructed or left out of repair, the municipality cannot be made responsible for an error in the judgment of the city authorities, as to the size a sewer should have been constructed.

88 309
133 180

88 309
118 232

88 309
156 58

88 309
188 629

88 309
21 SC 20

88 309
f 27 SC 460

88 309
215 99

88 309
f 35 SC 132

88   309
d39SC 605
d39SC 606
39SC 607

January 10th 1879.   Before SHARSWOOD, C. J., MERCUR, GOR-
DON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas, No. 4, of *Philadelphia
county:* Of July Term 1879, No. 33.

Case by Thomas Fair against the City of Philadelphia, to recover
damages alleged to have been sustained by reason of the insufficiency
of a public sewer to carry off the surface water which accumulated
on the premises of the plaintiff.

The facts are stated in the opinion of this court.

*David W. Sellers* and *Henry McIntyre*, for plaintiff in error.—
While it may be optional with the city to construct sewers, when
they have constructed them and citizens rely upon them, it is the
duty of the city to keep them unobstructed: Child *v.* City of Bos-
ton, 4 Allen 41.   When a citizen has adequate drainage for his
premises its destruction by the muncipality is a good cause of
action : Commissioners *v.* Wood, 10 Barr 93 ; Munn *v.* Pittsburgh,
4 Wright 364 ; Borough of Allentown *v.* Kramer, 23 P. F. Smith
406.

*C. E. Morgan*, Assistant City Solicitor, and *Wm. Nelson West*,
City Solicitor, for the city.—The proximate and direct cause of the
injuries complained of was, first, the backing of surface water upon
plaintiff's property ; and, secondly, the indirect and remote cause
was the plan of sewerage adopted by the city, which permitted two
sewers to meet at right angles, so that the flow of the contents of one
would have the effect of retarding that of the other.

That a municipality is not liable for damages resulting from a law-
ful exercise of her discretionary power to plan and construct sewers
and other improvements, has been repeatedly decided by this court.
Carr *v.* Northern Liberties, 11 Casey 324 ; Grant *v.* Erie, 19 P. F.
Smith 420 ; Borough of Allentown *v.* Kramer, 23 P. F. Smith
406 ; Dillon on Corporations, p. 932 ; Smith *v.* The Mayor, 66 N. Y.
295.

Mr. Justice MERCUR delivered the opinion of the court March 10th
1879.

This was an action on the case.   The plaintiff claimed to recover
damages which he had sustained, by reason of the insufficiency of
the public sewer to carry off the surface water which accumulated
on his premises.   The case was submitted to a referee.   He found
the facts and stated his conclusions of law.   No exceptions were
filed as to the correctness of his finding of facts.   The exceptions to
his conclusions of law, finding the city was not liable for damages,
were overruled and judgment entered for the defendant.   This pre-
sents the alleged error.

It appears that the house of the plaintiff was situate at the corner

of Thirteenth and Fitzwater streets.  Formerly, the sewer in that vicinity was of sufficient capacity to pass, and did pass, rapidly, not only the water with which it was otherwise charged, but also the surface water which either fell or flowed on the land of the plaintiff. Afterwards and before the injury complained of the city extended its system of sewerage westerly, thereby causing a larger volume of water to flow through the sewer past the premises of the plaintiff. During violent storms the sewer was so charged with water as to prevent the surface water, which accumulated on the lot of the plaintiff, from flowing into, and through the sewer, thereby causing the injury of which he complains.

The unquestioned finding of facts establishes not only that the whole injury was caused by surface water which accumulated on the premises of the plaintiff, but that none of it was thrown there by reason of the construction of the new sewer.  None of the water which passed into that sewer was forced back or out of the old sewer so as to flood either the streets or the plaintiff's property.  The surface water causing the injury was none other than that which had been accustomed to flow there.  The sewers were not defectively constructed.  They were not out of repair.  No negligent conduct can therefore be imputed to the defendant.  It follows then that the right of the plaintiff to recover must rest on the omission of the city to make sewerage of sufficient capacity to receive and pass all the surface water which accumulated along the line of the sewer.  Conceding the insufficient capacity, it was only an error of judgment in the city authorities as to the size of which the sewer should have been constructed.

The time and manner of draining the streets of the city require the exercise of judgment, deliberation and discretion of the municipal authorities.  The duty is therefore one of a judicial character. It involves a consideration of the financial condition of the city, and of the time and plan of construction.  It must, therefore, be left to the municipal authorities to determine the extent and capacity of the sewerage to be constructed, and not to the verdict of a jury to decide at the suit of an owner of property aggrieved.  So long as it is the mere omission, as here, of the authorities, to provide adequate means to carry off the water which storms, and the natural formation of the ground, throw on a lot, the owner thereof cannot sustain an action against the municipality.  This conclusion flows from the sound rule that a municipality is not liable for damages resulting from a lawful exercise of its discretionary power to plan and construct sewers and other improvements: Mills v. City of Brooklyn, 32 N. Y. 489 ; Smith v. Mayor et al. of New York, 66 Id. 295 ; Carr v. Northern Liberties, 11 Casey 324 ; Grant v. Erie, 19 P. F. Smith 420.  The facts of the case before us do not bring it within Child v. City of Boston, 4 Allen 41 ; Mayor v. Furze, 3 Hill 612 ; Allentown v. Kramer, 23 P. F. Smith 406.  They rest on some neglect of the

[Fair *v.* City of Philadelphia.]

authorities to repair or keep the improvements in proper condition. While, therefore, we cannot rest the present judgment on the unusual or unprecedented character of the showers, yet for the other reasons stated the judgment is affirmed.