Collins *versus* City of Philadelphia.
Hoff *versus* City of Philadelphia.

1. A municipality cannot be made liable in damages for the mistakes which may be committed by its officers in the honest, fair exercise of their duties.

2. A municipality was authorized and required by an act of the legislature to build a sewer along the bed of a creek of sufficient capacity to carry off its waters. Without any negligence on the part of the city, a sewer was constructed which was not of sufficient size to drain the creek, and during a rain-storm it overflowed. In a suit for damages resulting therefrom, *Held*, that the city was not liable.

3. Fair *v.* The City, 7 Norris 309, followed.

February 25th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

[Collins *v.* City of Philadelphia.]

Error to the Court of Common Pleas, No. 4, of *Philadelphia county*: Of January Term 1880, Nos. 144 and 145.

Case by A. M. Collins & Son & Co., and by Hoff, Fontaine & Abbott, against the city of Philadelphia, to recover damages sustained by the plaintiffs by reason of the flooding of their premises on the evening of the 19th of July 1877, in consequence, as it was alleged, of the sewer constructed by the defendant, on Canal street, being of insufficient size and capacity to receive and carry off all the water which fell upon and ran off the surface of the earth and the public streets in that locality during a rainstorm which occurred at that time.

After issue joined the case was submitted by written agreement of the parties to W. Wynne Wister, Jr., Esq., as referee, under the Act of May 14th 1874.

The facts as found by the referee were as follows: Prior to 1859, that portion of the city of Philadelphia lying north of George street, west of the Delaware river to Broad street, and south of the Germantown turnpike, was drained by Cohocksink creek and its tributaries.

Cohocksink creek, from Front street westward to Sixth street, was declared a public highway of the width of forty feet by an Act of Assembly, passed April 16th 1829.   On the 20th of February 1851, an act was passed, authorizing and requiring the commissioners of the districts of Kensington and the Northern Liberties to contract for the building of a culvert along the bed of Cohocksink creek from Front street westward to Sixth street, of such dimensions as may be deemed most expedient for the purpose of draining the waters of said creek, with authority to construct the culvert along any street or road.

Afterwards, on the 25th of February 1861, an act was passed, which, after reciting the previous acts, and that by reason of the filth and rubbish which was carried by the rains into the canal constructed along the courses of Cohocksink creek, from Front street eastward, the same had become nearly filled up, and was a nuisance requiring a speedy remedy, authorized the Select and Common Councils of the city of Philadelphia to cause a resurvey of the districts contiguous to Cohocksink creek, and to continue the culvert intended to drain the creek by the shortest practicable course from Front street to the river Delaware along any street, and to fill up such parts of the canal or creek as are not occupied by the culvert.

Under authority of these acts, the city of Philadelphia caused a sewer to be built along Canal street, beginning at Thompson street near Fifth, and continuing down said Canal street crossing Girard avenue, Fourth and Third streets, and finally connecting with a sewer on Culvert street.   This sewer was egg-shaped

12 Norris—18

[Collins *v.* City of Philadelphia.]

in form, with its largest diameter four feet, and its smaller two feet eight inches.

There was no negligence on the part of the defendant in building this sewer, it being admitted by plaintiffs that it was constructed in a workmanlike manner, and of good materials. It proved, however, inadequate to carry off all the surface-water which fell during heavy rains on the section drained by it, and at the same time perform the additional duty which the rapid growth and extension of the city compelled, by reason of its connections with other sewers.

The natural drainage of this part of the city, by Cohocksink creek and its tributaries, was entirely adequate, but after the construction of the sewer, there were frequent overflows, upon the occasion of sudden rainstorms, such as occur in summer, and petitions had been presented by the residents to councils to have the trouble remedied.

The plaintiffs occupied the premises situate at the northeast corner of Third and Canal streets, where they carried on the business of manufacturing card-boards, and used the basement or cellar as storage-rooms.

On the 19th of July 1877, some time during the evening, a heavy summer shower occurred, which lasted for over two hours, and the water fell so rapidly, and the surface drainage was so great that the sewers and inlets became full and overflowing, and being unable to carry it off with sufficient rapidity, the streets were flooded to a considerable depth, and the surface-water running over the pavements, poured down through the windows into the basement or cellar of plaintiff's premises, nearly filling it, and damaging or destroying the goods therein.

Besides the ordinary drainage, the sewer in question was performing additional duty at the time of this rainstorm, in consequence of the contractor, who had charge of repairing a break in the culvert on Germantown road, having turned the water which flowed therein into the culvert on Third street, which connected with the Cohocksink creek sewer at Third and Culvert streets. This was done by the contractor, under a written contract for that work made with the city.

On the authority of Fair *v.* The City, 7 Norris 309, the referee decided that the city was not liable to plaintiffs. When his report was filed of record in the Court of Common Pleas exceptions were filed to said report which the court dismissed and confirmed the report.

Plaintiffs took these writs and alleged, that the referee erred in deciding in favor of defendant, and that the court erred in not entering judgment for the plaintiffs.

The question was raised in the Common Pleas whether, under the 3d section of the Act of May 14th 1874, the exceptions to the

report of a referee could be entertained by said court, or if appeals or writs of error should not be taken from the decision of the referee directly to the Supreme Court. The court refused to hear an argument on the question, but heard the exceptions and proceeded as above set forth. This action of the court in refusing to hear the argument was not assigned for error, nor raised in the Supreme Court.

*Michael Arnold* and *Richard Vaux*, for plaintiffs in error.—By the Act of February 27th 1797, 3 Sm. & Reed L. 278, Cohocksink Creek was created a public highway forty feet in width. By the Act of February 20th 1851, Pamph. L. 92, the commissioners of the districts of Kensington and Northern Liberties, and of the county of Philadelphia, were required to contract for the building of a culvert along said creek. The Act of February 25th 1861, Pamph. L. 42, authorized councils to continue said culvert over Cohocksink creek. These acts take this case out of the ruling in Fair *v.* The City, *supra.* The city was thereby deprived of all judicial duty, and that imposed upon it was purely ministerial. The language of the acts was mandatory; councils had no discretion; they were bound to erect a culvert, and such an one as would drain the creek. The acts were notice of what was required, and a municipality which, under the circumstances, employs an unscientific engineer, is liable for the consequences of his ignorance. This case is ruled by Carr *v.* The Northern Liberties, 11 Casey 324; Rochester White Lead Co. *v.* City, 3 N. Y. 463.

While judicial duties are discretionary, and, until a discretionary authority is exercised, no real duty arises, yet the instant that the discretion is exercised, certain ministerial duties arise where such discretion has been exercised in the erection of a public work. The city may or may not build a sewer to take the place of a natural stream, but when it does build one, it is bound to build it large enough to do the duty of the stream for which it is substituted, and keep it in repair and free from obstruction: Commissioners *v.* Wood, 10 Barr 93; Mann *v.* Pittsburgh, 4 Wright 364; Nevins *v.* City of Peoria, 41 Ill. 502; Farrell *v.* Mayor of London, 12 Up. Can., Q. B. 343; City *v.* Barker, 65 Ill. 518; Ashley *v.* Port Huron, 35 Mich. 296; Allentown *v.* Kramer, 23 P. F. Smith 406; Reeves *v.* Toronto, 21 Up. Can., Q. B. 160; Childs *v.* Boston, 4 Allen 51; Dillon on Mun. Corp., sect. 802.

*Chas. E. Morgan, Jr.*, Assistant City Solicitor and *William Nelson West*, City Solicitor, for defendant in error.—The question here sought to be raised, has been repeatedly decided by this court, in a series of cases, commencing with Carr *v.* The Northern Liberties, 11 Casey 324, and ending with Fair *v.* The City of Philadelphia, 7 Norris 309; and it has uniformly been held, that upon such

[Collins *v.* City of Philadelphia.]

facts there can be no recovery. Where loss is due to an error in the selection of a plan of sewerage, or in the determination of the size of a culvert, the city is not liable in damages. The utmost that can be required by the citizens of those whom they have selected to act for them in the discharge of duties judicial in their nature, is, that they shall act honestly, and with such ability as they may possess: Mills *v.* Brooklyn, 32 N. Y. 489; Fair *v.* City, *supra.* In this latter case, the property had been perfectly drained both by the natural drainage, and by the sewer originally built by the city. And the loss was due to an ill-judged change in the system of sewerage in his neighborhood, the result of which, was to increase very much the demand upon the culvert in front of the property, and to render it insufficient during heavy showers. Notwithstanding this, it was held that plaintiff could not recover against the city.

The Acts of Assembly referred to by plaintiffs, left the determination of the size or capacity of the sewer to be constructed along and upon the bed of said creek, entirely to the discretion of the municipal authorities.

The judgment of the Supreme Court was entered March 15th 1880,

PER CURIAM.—The main facts in these two cases are the same. They were argued together and depend upon the same principle. They are ruled, we think, by the decision of this court in Fair *v.* The City, 7 Norris 309. We can discover no material difference between that case and those upon which a distinction can be based. Whether the natural drainage be by a creek or by the surface—it was in both cases obstructed by the insufficient provision made by the defendant to supply its place. There was no negligence, but want of judgment, and the municipality cannot be made liable in damages for the mistake which may be committed by its officers in the honest, fair exercise of their duties.

Judgments affirmed.