# John Sheib and Wife, in Right of the Wife, Plffs. in Err., v. Township of Collier.

A municipal corporation is not liable in damages for an injury which is the result of an honest mistake of judgment made by a public officer in the fair discharge of his duty.

Hence, a township is not liable in damages for an injury to property caused by a highway bridge being insufficient to permit the entire volume of water in a stream to be carried off, where the construction of the bridge was an error of judgment on the part of the township supervisor.

(Argued October 24, 1887.  Decided November 7, 1887.)

October Term, 1887, No. 20, W. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ.  Error to the Common Pleas No. 2 of Allegheny County to review a judgment of compulsory nonsuit in an action in case for damages to plaintiffs' lands.  Affirmed.

NOTE.—A municipality is ordinarily liable for injury resulting from the flooding of lands by the improper and negligent construction of streets or bridges.  Krug v. St. Mary, 152 Pa. 30, 34 Am. St. Rep. 616, 25 Atl. 161, 162; Allentown v. Kramer, 73 Pa. 406; Blizzard v. Danville, 175 Pa. 479, 34 Atl. 846; Delahunt v. Chester, 6 Del. Co. Rep. 142.  And it is immaterial that damages have been assessed for the change of grade, where the plaintiff is injured by water because of negligence in carrying on the work. Kehoe v. Philadelphia, 199 Pa. 45, 48 Atl. 679.  See also Farnham, on Waters, pp. 1822, 1823.

John Sheib's wife, Frederica, is the owner in fee simple of eighty-five acres situate in Robinson and Collier townships, Allegheny county, partly bounded and divided by a stream of water known as Campbell's run. This stream has made for itself a channel for miles above and below the Sheib farm, averaging about twenty-five feet in width. The Noblestown road crosses this run at right angles, at which crossing there was a wide channel with sloping banks.

In June, 1885, supervisor of Collier township constructed at this spot on the Sheib farm a bridge about 7 feet wide and 2 feet high, using for its abutments two logs about 2 feet in diameter and 12 feet in length. On the top of these planks were fastened. A heavy rain swept the covering of the bridge away, carrying it down the stream a short distance, when it lodged across the stream in such a manner as to turn the water and rubbish over the bottom land of the Sheib farm, washing away 2¼ acres of bottom land with the crop upon it—for which damages Sheib and wife brought this suit against the township of Collier.

The cause came on for trial in November, 1886, and the plaintiffs having closed their case in chief, defendant's counsel moved the court for a compulsory nonsuit, for the following reasons:

First, there is no evidence in this case sufficient in law to maintain the action;

Second, the township of Collier is not liable in damages for mistakes of judgment which its road supervisor may make in the honest, fair exercise of his duties;

Third, no action for damages lies against a municipal corporation, either for refusal to exercise or for the manner in which it exercises, in good faith, discretionary powers.

The motion for a compulsory nonsuit was granted and a compulsory nonsuit entered against the plaintiffs, with leave to move the court in banc to take off the nonsuit.

Thereafter a motion was made to take off the nonsuit, which was denied, with the following opinion per EWING, P. J.:

The evidence of plaintiffs showed that the bridge, complained of by them as the alleged occasion of the injury, was located and built by the supervisor of the township after consideration, and was even enlarged in process of building by his direction and assent to meet what was supposed to be the wants of any ordinary flood.

Immediately after the flood which caused the injury, the bridge or the planking that had been washed off was replaced, and the bridge ever since has proved sufficient.

We are unable to see that there was any negligence in the manner of building.

With some personal knowledge of the stream we would have supposed the passage way sufficient.

The township is not responsible for a mistake of judgment of the supervisor, if there was a mistake.

Thereupon plaintiffs took this writ, assigning for error the action of the court: (1) In entering judgment of compulsory nonsuit; (2) in not taking off judgment of compulsory nonsuit; (3) in withdrawing the case from the jury, and in not submitting to them whether or not, under the evidence, there was negligence on part of the defendant; (4) in deciding what constitutes negligence, and in not submitting the same to the jury; (5) in not permitting Henry Shaffer and others to testify whether or not the bridge as reconstructed was, or was not, higher than it was the first time when the damage occurred; (6) in stating and holding that the township was not responsible for the mistake of judgment of its supervisor, after having heard the facts and circumstances of the case.

*W. C. Erskine* and *John C. Thompson,* for plaintiffs in error. —The court says that "the township is not responsible for a mistake of judgment of the supervisor." We think the proposition is too broad, and that the better principle is that laid down in Weideman v. Lehigh Valley R. Co. 2 Law Times, 127: "No person is liable in damages for the reasonable exercise of a right, accompanied with a cautious regard to the rights of others."

The supervisor in this case was grossly negligent, and if he had exercised only ordinary judgment and care the plaintiff in this case would not be here.

The court should have submitted the case to the jury, under all the circumstances. The cases of Fair v. Philadelphia, 88 Pa. 309, 32 Am. Rep. 455, and Collins v. Philadelphia, 93 Pa. 272, do not govern this, which is distinguished in that there was no exercise of judgment, and there was gross and culpable negligence on the part of the township officers, for the consequences of which the township was liable. What is, or is not, negligence

in a particular case is generally a question for the jury. Fritsch v. Allegheny, 91 Pa. 226.

The evidence showing that the supervisor did not honestly and fairly exercise his judgment in this case, and that he totally disregarded and failed to do his duty, the matter should have been submitted to the jury.

A municipal corporation cannot injure the property of others by badly constructed and insufficient culverts or passage ways obstructing the free flow of the water, without being liable therefor. 2 Dill. Mun. Corp. p. 1038, and cases there cited.

*Miller & McBride,* for defendant in error.—The only negligence complained of by the plaintiffs or their witnesses is that the bridge was not wide enough and high enough to allow the passage of the water in case of heavy rains.

The act of assembly requires the supervisor to keep the township roads "safe and convenient for travel;" and although he could not have been compelled to build this bridge, yet if in his judgment the safety and convenience of travelers required that it should be built, the township is not liable for an honest mistake in judgment on the part of the supervisor, as to the size of the opening he should leave for the flow of water under the bridge. From Carr v. Northern Liberties, 35 Pa. 324, 78 Am. Dec. 342, to Collins v. Philadelphia, 93 Pa. 272, it has been uniformly held that a municipal corporation is not liable for damages, that may be occasioned by an honest mistake of judgment made by a public officer in the discharge of his duty, where he has a discretion, and his acts are in their nature judicial.

The impropriety of submitting questions of this nature to a jury is clearly pointed out in the case first mentioned; and the rule we invoke is laid down as follows:

"Where any person has a right to demand the exercise of a public function, and there is an officer or set of officers authorized to exercise that function, there the right and the authority give rise to the duty; but when the right depends upon the grant of authority, and that authority is essentially discretionary, no legal duty is imposed. Carr v. Northern Liberties, 35 Pa. 324, 78 Am. Dec. 342; Fair v. Philadelphia, 88 Pa. 309, 32 Am. Rep. 455; and Mills v. Brooklyn, 32 N. Y. 497.

PER CURIAM:

If the bridge constructed by the township authorities was insufficient to carry off the entire volume of water it was an error of judgment on the part of the supervisor. It has been repeatedly held that a municipal corporation is not liable in damages for an injury which is the result of an honest mistake of judgment made by a public officer in the fair discharge of his duty. It is sufficient to refer to Carr v. Northern Liberties, 35 Pa. 324, 78 Am. Dec. 342, and Collins v. Philadelphia, 93 Pa. 272.

This question ought not to be open to further discussion.
Judgment affirmed.