148     231
21 SC    20

## Fairlawn Coal Co., Appellant, v. City of Scranton.

*Municipalities—Negligence— Sewers.*

In the absence of negligence on the part of the municipality, there can be no recovery for damage resulting from the insufficient capacity of a sewer causing overflow.

Fair v. City of Phila., 88 Pa. 309, and Collins v. City of Phila., 93 Pa. 272, followed.

Argued Feb. 25, 1892. Appeal, No. 208, Jan. T., 1892, by plaintiff, from judgment of C. P. Lackawanna Co., Nov. T., 1888, No. 121, on verdict for defendant. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

Trespass to recover for damages occasioned by the overflow of plaintiff's mine.

At the trial before GUNSTER, J., the evidence was to the effect that plaintiffs owned and operated a mine in the city of Scranton, the mouth of which was on a hillside and just above a small stream. A short distance below the plaintiffs' mine a railroad crossed the stream on an embankment at an elevation of twelve or fifteen feet. A culvert under this embankment made a conduit for the water of the stream. In 1887 the city of Scranton constructed a sewer on the surface of the bed of the stream, and extended this culvert from the railroad embankment up the stream and beyond the plaintiff's slope, a distance of several hundred feet. There were no openings in the top of the culvert. In 1888 a sudden violent storm of rain brought down quantities of wood, which caused the sewer to become clogged and the water to be backed up by the railway embankment until it flowed into plaintiffs' mine, causing damage amounting to several thousands of dollars. Whether the storm was ordinary or extraordinary, or whether the overflow was caused by obstruction of the sewer or by the inadequacy of the sewer to carry off the water, were questions upon which the evidence was contradictory. The court charged the jury that if the sewer was so constructed that in ordinary rains it would perform the service intended, there was no liability on the part of defendant, or that if the flood was caused by a sudden obstruction of the sewer, there being no evidence that the city had notice of any such obstruction, there could be no

recovery, and gave substantially the same instruction in answer to several points submitted.

Verdict for defendant and judgment thereon. Plaintiff appealed.

*Errors assigned* were the portions of the charge and the answers to the points above indicated, quoting the charge and the points and answers.

*H. M. Hannah* and *S. B. Price*, for appellant.

*I. H. Burns*, for appellee.

PER CURIAM, March 28, 1892:

This case is ruled by Fair v. The City of Phila., 88 Pa. 309, and Collins v. The City of Phila., 93 Pa. 272.

Judgment affirmed.