# Cooper *v.* Scranton City, Appellant.

*Municipalities—Sewers—Waters.*

The mere omission of municipal authorities, to provide adequate means to carry off the water, which storm and the natural formation of the ground throw upon city lots and streets, will not sustain an action by an owner of land against the municipality for damages arising from the accumulation of water. Cities are not bound to provide sewerage for the natural flow of the surface water, although they are invested with power to construct such sewers, as in the judgment of the officers exercising the corporate powers, are necessary and expedient. When they do adopt a plan of sewerage they are not liable for damages resulting from an insufficiency in the size of the sewers although they may be called upon to answer for injuries resulting from negligence in the construction or repair of such works. They are liable, however, for injury to property resulting from interference with or change of the natural flow of waters as a consequence of public works.

*Municipalities—Constitution of Pennsylvania, article 16, section 8—Damages to property.*

Under article 16, section 8 of the constitution of Pennsylvania, the injury meant to be provided for was such as was unavoidable in the accomplishment of the public undertaking, but the property protected is not limited to that directly abutting upon the improvements, but includes all sufficiently near to make the injury approximate, immediate and substantial.

*Municipalities—Waters—Remedies.*

Where the change of grade of a street results in injury to abutting property by reason of the accumulation of water, and the injury is the direct, immediate and unavoidable consequence of the change of grade, the municipality is liable to the property owner. In such a case the remedy of the property owner is not by an action of trespass, but by proceedings before viewers either under the Act of May 23, 1889, P. L. 277, or the Act of May 16, 1891, P. L. 75.

When the injury to property is such only as is the direct, immediate and necessary or unavoidable consequence of the act of eminent domain itself irrespective of care or negligence in the manner of the execution of the work, a proceeding before viewers is the appropriate remedy.

Argued Jan. 15, 1902. Appeal, No. 14, Jan. T., 1902, by defendant, from judgment of C. P. Lackawanna Co., Sept. T., 1898, No. 363, on verdict for plaintiff in case of George Cooper v. Scranton City. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Reversed.

18 · COOPER *v.* SCRANTON CITY, Appellant.

Statement of Facts—Opinion of the Court. [21 Pa. Superior Ct.

Trespass to recover damages for injury to real estate. Before EDWARDS, P. J.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,275. Defendant appealed.

*Error assigne* among others was in submitting the case to the jury.

*G. M. Watson*, City Solicitor, with him *David J. Davis*, Assistant City Solicitor, for appellant. Under the authorities in Pennsylvania, the city had a right to construct the sewer according to the plans and specifications prepared by a competent person, and approved by the city authorities, and, if constructed in a proper manner, they are not liable for any damages that the plaintiff may suffer by reason of its construction. The doctrine has been accepted by the courts, that whatever damages may result from defects in the plan of drainage adopted by a municipality, are damages incident to the lawful exercise of their discretionary power, and in which they cannot be held responsible at the suit of a private individual: Fair v. Phila., 88 Pa. 309; Collins v. Phila., 93 Pa. 272; Fairlawn Coal Co. v. City of Scranton, 148 Pa. 231; Carr et al. v. The Northern Liberties, 35 Pa. 324.

A city is not answerable at common law, if, as a result of grading or otherwise improving their public streets in a proper manner, and under lawful authority, surface water is so diverted from its natural course as to flow upon the land of an adjoining proprietor in different places, or in somewhat greater quantity than before: Byrne v. Town of Farmington, 64 Connecticut, 367; Parks v. City of Newburyport, 10 Gray, 28; Flagg v. City of Worcester, 13 Gray, 601.

The natural flow of water from a higher to a lower lot does not, as a general rule, give a cause of action to one injured thereby: Sowers v. Lowe, 20 W. N. C. 76.

OPINION BY W. D. PORTER, J., July 10, 1902:

There was no dispute as to the facts material to the consideration of this appeal. The plaintiff was the owner of a lot of ground on which was erected a block of houses fronting on the

east side of Eighth street in the city of Scranton. Eighth street ran from Lackawanna avenue north to Linden street. The grade of the street had been a gradual descent from the former to the latter street, and a sewer was laid in the street in 1893 which carried off all the surface water and prevented any injury to the property of the plaintiff. In 1895 the city undertook the work of constructing approaches to the Linden street bridge over the Lackawanna river, the city councils by a duly enacted ordinance raised the grade of Linden street and about 240 feet of the northerly end of Eighth street, so as to make the grade of the latter street correspond with that of Linden street at the intersection. The proceedings were conducted in a regular manner and the physical changes required to make the streets conform to the newly established grades were made upon the ground. The change in the grade of Eighth street extended from Linden street south to a point about opposite the middle of plaintiff's property, from which point, after the work was completed, the grade of the street slightly ascended in each direction, south to Lackawanna avenue and north to Linden street. The consequence was that the plaintiff's property was left opposite a depression in the street, towards which the surface water from each end of the street flowed, instead of as formerly having an uninterrupted flow from south to north over the whole length of the street. This change of the grade of Eighth street caused water, which formerly passed off in another direction, to flow to that part of Eighth street in front of plaintiff's property and overflow upon the property. The plaintiff brought this action of trespass to recover damages alleged to have resulted from the flooding of his houses and lots.

The mere omission of municipal authorities, to provide adequate means to carry off the water, which storms and the natural formation of the ground throw upon city lots and streets, will not sustain an action by an owner of land against the municipality for damages arising from the accumulation of water. Cities are not bound to provide sewerage for the natural flow of the surface water, although they are invested with power to construct such sewers, as in the judgment of the officers exercising the corporate powers, are necessary and expedient. When they do adopt a plan of sewerage, they are not liable for damages resulting from an insufficiency in the

size of the sewers, although they may be called upon to answer for injuries resulting from negligence in the construction or repair of such works: Carr v. Northern Liberties, 35 Pa. 324; Allentown v. Kramer, 73 Pa. 406; Fair v. Philadelphia, 88 Pa. 309; Collins v. Philadelphia, 93 Pa. 272; Fairlawn Coal Company v. Scranton, 148 Pa. 231. The plaintiff could not recover because of mere inadequacy of the Eighth street sewer, with its catch-basins, to carry off the surface water.

A municipal corporation is, however, liable to be called upon to make compensation for the injury to property resulting from interference with or change of the natural flow of waters as a consequence of its public works: Weir v. Plymouth Borough, 148 Pa. 566; Elliott v. Oil City, 129 Pa. 570; Torrey v. Scranton, 133 Pa. 173. The plaintiff seeks to recover upon this ground. The source of the injury complained of is thus stated in the paper-book of the appellee. "In 1896 Linden street was graded. The ravine down which the water had theretofore flowed was dammed up. The grade of the north end of Eighth street was changed from a down grade of one and one half per cent from south to north to a grade of one per cent from north to south for 240 feet. The result was, according to the testimony, that a large volume of water was cast from Linden street upon the north end of Eighth street, which, together with the water accumulating for 240 feet on the north end of Eighth street, was all accumulating in front of Cooper's property and cast into and upon the same." This is a correct statement of the position taken by the learned counsel for the appellee here as well as in the court below. This leaves no doubt that plaintiff's cause of action has its foundation in the change of the grade of Eighth street. Under article 16, section 8 of the constitution of 1874, "municipal and other corporations and individuals invested with the privilege of taking private property for public use shall make just compensation for property taken, injured or destroyed by the construction or enlargement of their works, highways or improvements." The injury meant to be provided for was such as was unavoidable in the accomplishment of the public undertaking, but the property protected is not limited to that directly abutting upon the improvement, but includes all sufficiently near to make the injury proximate, immediate and substantial: Mellor v. Philadelphia, 160 Pa.

614; In re Melon Street, 182 Pa. 397. It has been held that an interference with the drainage of property is an injury within the meaning of the constitution: Chatham Street, Philadelphia's Appeal, 191 Pa. 604. The property of plaintiff abutted directly upon that part of Eighth street, the grade of which was changed, and the accumulation of water in front of the property as a result of the grade adopted was the natural and unavoidable consequence of the change. If the property was injured by the change it came within the protection of the constitutional provision. The change of grade having been made in the manner provided by law no court has power to review the action of the city authorities in ordaining the improvement. The grade as established must stand until changed by the city authorities; all that the plaintiff can demand is compensation.

The effect of the change of the grade of the street upon the drainage was direct, immediate and unavoidable; water must flow down hill. This was therefore an element to be considered in determining the effect upon the value of plaintiff's property resulting from the change of the grade of the street. The constitution gave the plaintiff a right of compensation; the remedy has been regulated by statutes. The city of Scranton was at the time in question a city of the third class, and the damages and benefits arising from the change of the grade of Eighth street might have been ascertained under the provisions of the Act of May 23, 1889, P. L. 277, or the plaintiff might have availed himself of the more satisfactory remedy provided by the Act of May 16, 1891, P. L. 75. A statutory remedy having been provided for the enforcement of the constitutional right, that remedy ought to have been pursued. The ascertainment of the damages and benefits arising from the execution of a public work by a municipality, is a matter in which the public has, and many private individuals may have, an interest. It is important that those who are to receive compensation for injuries and those who are to pay for benefits accruing to the property should all be heard before the same board of viewers, in order that all conflicting rights may be considered. The measure of damages in such a case is different from that which applies in an action of trespass. The benefits to the property as a whole must be taken into consideration, in connection with any injury that may result to land or buildings. If each indi-

vidual owner of land upon a newly graded street were permitted to settle his rights in an action of trespass, the result would lead to confusion and be prejudicial to the rights of the public. When the injury to property is such only as is the direct, immediate and necessary or unavoidable consequence of the act of eminent domain itself, irrespective of care or negligence in the manner of the execution of the work, a proceeding before viewers is the appropriate remedy: Denniston v. Philadelphia Company, 161 Pa. 41; Stork v. Philadelphia, 195 Pa. 101. We are of opinion that the plaintiff was not entitled to recover in an action of trespass, and that the point of the defendant requesting a binding instruction ought to have been affirmed.

The judgment is reversed.