Opinion b,y
Henderson J.,
The plaintiff occupied the .house No. 5725 Germantown avenue, in Philadelphia, as a tenant and carried on a shoe store in a part of the building. She went into possession of the premises in June, 1904. August 6, 1905, during a heavy rain a large quantity of water flowed into the basement of her premises and into the storeroom, wetting and injuring a part of her merchandise. This water the plaintiff alleges came from the surface of Vernon Park, one of the public parks of the city, from which it flowed onto Germantown avenue and into her premises. The complaint set forth in the declaration is that the injury was caused by the negligence of the defendant in raising the grade of Vernon Park along its front on Germantown avenue and in filling up and obliterating a natural water course, which theretofore had drained the park, without providing other and adequate means of drainage as a substitute for the natural water course, whereby the rain water which fell upon the park was thrown onto the street and thence into the plaintiff’s cellar. The evidence shows that many years before the plaintiff lived in the house referred to the city acquired a tract of land containing several acres, known as the Wister property, for a public park. In the development and improvement of the park the authorities having the matter in charge raised the grade of a portion of the land along Germantown avenue and, in doing so, covered over Honey Run, a small natural water course passing through the property. The effect of this change was to bring the level of the property up to the grade of Germantown avenue with a slope toward the avenue. Provision for drainage was made through the park, but at times of very heavy rain water from the surface of the park flowed onto Germantown avenue.
The plaintiff’s action is trespass and proceeds upon the assumption that the city had done something which it was not authorized to do or which having authority to do it had done in so negligent a manner that the plaintiff is entitled to damages. The power of the city to acquire, lay out, improve and maintain ground for public parks cannot be questioned. The Act of February 2, 1854, P. L. 21, and the Act of June 24, *131 1891, P. L. 394, give full authority to the city to establish such parks and the latter act expressly invests the city councils with power to make improvements thereon. The Act of July 15, 1897, P. L. 273, provides for the appointment of viewers to assess damages where land is taken for a park, 'including property injured by such taking. At the time Vernon Park was purchased and improved the plaintiff was not an occupant of the premises where her injury was sustained nor is there anything in the case to indicate that she was in any way affected by the work done in the development of the park. At the time she went into possession the topographical conditions were as they had been for many years. Her tenancy was undertaken with a knowledge of the conditions then existing. As between her and the defendant the situation is the same as if there had been no superficial change in the park. If the changed condition prejudicially affected the property which the plaintiff occupied that was an injury to the owner of the land which would perhaps make the property less desirable as a tenement and would influence its rental value, but the tenant who came into the premises long after the injury was done, and the amount of whose rent may have been fixed with regard to the possible overflow of water, is not one of the persons entitled in contemplation of the law to damage for injuries growing out of the park improvement. Whether the owner of the house is within the operation of the act of July 15, 1897, it is not now necessary to consider, as he is not complaining. There is a further objection to the plaintiff’s action that there is no evidence of the defendant’s negligence. The manner of the improvement of the park was a matter of discretion to be exercised by the municipal authorities. It was not an act of negligence to develop the grounds according to the plan adopted. There might be various opinions in regard to the best method of improving the property to meet public needs, but the determination of that question must be left to the judgment of those to whom the law commits it. The municipality can only be made liable in trespass for negligence in the execution of the work and of this, as we have seen, there is no evidence: Stork v. Philadelphia, 195 Pa. 101; Herr *132 v. Altoona, 31 Pa. Superior Ct. 375. The real complaint of the plaintiff is that the city failed to provide sewers of sufficient capacity to carry off water which accumulated on Germantown avenue and which flowed in part from the park. This is not an obligation, however, which the city assumes or is bound to discharge: Carr v. Northern Liberties, 35 Pa. 324; Fair v. Philadelphia, 88 Pa. 309. The doctrine of these cases is reaffirmed in Strauss v. Allentown, 215 Pa. 96. In that case the subject of superficial changes of the condition of land and the rights of owners to improve and build according to their requirements was considered and it was said: “In this natural change and development from agricultural or rural to urban territory some disturbance of the surface drainage is inevitable, but without negligence the municipality is not liable for the results, though a city may be authorized to construct sewers or an adequate system of drainage it is not bound to do so nor is it liable for an erroneous judgment as to what will be adequate.” The improvements made by the city were carried on with reference to the established grades of the streets upon which the park fronted and there is no suggestion that they were not appropriate to the situation of the park and the surrounding properties and streets. It is manifest that the city was within its strict rights in executing the plan adopted and that the plaintiff has failed to show any negligence in carrying out this plan.
The judgment is, therefore, affirmed.