## Mumbower, Appellant, *v.* Weaver.

*Negligence—Defect in street—Contractor — Independent contractor—Municipality.*

1. A contractor for paving a city street is responsible for a tort committed by him whatever his relation may be with the municipality.

2. If a person is injured by such contractor's negligence, he is not obliged, in a suit against the contractor for damages, to establish the fact that the defendant was an independent contractor.

*Appeals—Reason for judgment.*

3. The rule that a judgment, if right, will be affirmed even though the reasons given for it wholly fail to sustain it, was held not to be applicable to the circumstances of this case.

*Negligence—Defect in street—Paving contractor—Contributory negligence—Automobiles—Rope across street—No warning.*

4. Where a paving contractor bars off a portion of a street but leaves a passage on one side of the barrier, and further along stretches a rope across the entire street, a driver of an automobile at night, who passes the barrier and runs into the rope, cannot be charged with contributory negligence as a matter of law, if it appears that the warnings on the barrier were torn and not easily seen, and that no light whatever was hung on the obstructing rope.

Argued February 2, 1925. Appeal, No. 109, Jan. T., 1925, by plaintiff, from order of C. P. Lehigh Co., June T., 1920, No. 86, refusing to take off nonsuit, in case of Laura E. Mumbower v. Solomon N. Weaver, trading as the Weaver Contracting Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Trespass for negligence. Before GROMAN, P. J.
The opinion of the Supreme Court states the facts.
Nonsuit; refusal to take off.
Plaintiff appealed.

*Error assigned* was, inter alia, order, quoting record.

*William H. Schneller,* with him *Butz & Rupp,* for appellant.—Even if defendant had proven at the trial that he was an agent for the city in repaving Linden Street, and there was no such proof, still the fact of such agency would not have relieved him from liability: Hindson v. Markle, 171 Pa. 138; Eckert v. Merchants Shipbuilding Corp., 280 Pa. 340; Painter v. Pittsburgh, 46 Pa. 213.

*Oliver W. Frey,* for appellee.—The prima facie liability of the city for an accident on a public street was not shifted to defendant: Hepburn v. Phila., 149 Pa. 335; Johnson v. Phila., 236 Pa. 510; Earley v. Phila., 235 Pa. 153.

The appellate court does not review reasons for judgments. If the judgment be right, even though the rea-

sons given wholly fail to sustain it, or would logically lead to a different one, it must stand: Brew v. Hastings, 206 Pa. 155, 161; Corgan v. Coal Co., 218 Pa. 386, 392; Com. v. Wing, 253 Pa. 226, 230; State Hospital for Criminal Insane v. Water Supply Co., 267 Pa. 29, 39.

Plaintiff's testimony shows contributory negligence of such a character as to warrant the court in saying as a matter of law that plaintiff's decedent is guilty of contributory negligence: Corbin v. Phila., 195 Pa. 461; Davis v. Twp., 196 Pa. 273; Ide v. Twp., 191 Pa. 182; Bailey v. Twp., 190 Pa. 530; Conrad v. Twp., 200 Pa. 337; Benton v. Phila., 198 Pa. 396; Martin v. R. R., 265 Pa. 282; McNulty v. Phila., 248 Pa. 143; Payne v. Boro., 273 Pa. 570; Walker v. Trust Co., 274 Pa. 121; Smith v. Traction Co., 74 Pa. Superior Ct. 460.

OPINION BY MR. JUSTICE SCHAFFER, March 16, 1925: '

In this action of trespass to recover damages for the death of her husband in an automobile accident, plaintiff met with a judgment resulting from the refusal to take off a nonsuit, from which she appeals.

Plaintiff, her husband, their son who was driving the automobile which belonged to decedent, and two other passengers therein, were proceeding along Linden Street in the City of Allentown about ten o'clock at night, when the car struck a rope which had been stretched across the street by defendant, who was engaged in repairing the highway. The contact resulted in the husband's death.

At trial, a compulsory nonsuit was entered and there was a refusal to take it off. The reason for refusal given by the judge below was that the record fails to show that defendant was an independent contractor. From this it is evident the court thought that in order to recover it was incumbent on plaintiff to establish this fact. Such is not the law. Had the city been sued, it might have been in position to answer that it was not responsible, because the present defendant was an independent

contractor, but whatever his relation was with the municipality, he is responsible for a tort committed by him: Eckert v. Merchants Shipbuilding Corp., 280 Pa. 340, 347.

Appellee argues that even if the court was mistaken in its understanding of the above principle of law, plaintiff was blocked in recovery, because of her husband's contributory negligence, calling attention to the established rule that we do not review the reasons for judgments. If the judgment be right, even though the reasons given wholly fail to sutain it, or would logically lead to a different one, it must stand: State Hospital for Criminal Insane v. Consolidated Water Supply Co., 267 Pa. 29, 39; Com. to use v. Wing, 253 Pa. 226, 230; Corgan v. Lee Coal Co., 218 Pa. 386, 392; Brew v. Hastings, 206 Pa. 155, 161. We recognize the principle adverted to, but are unable to conclude, under the facts disclosed by the record, that the deceased was clearly guilty of contributory negligence.

The street on which the accident occurred was under repair by defendant. He caused some red lights to be placed in certain parts of it, a red flag, and signs warning that the street was under repair and closed. It was dark at the time of the accident. Plaintiff's evidence indicates that defendant did not block off the entire street, but that one side of it was open for travel, that the warnings so indicated, and that the open part of the street was used by others to go to a gasoline filling station. The warning signs, so it was testified, were torn and not easily seen and no light was hung on the obstructing rope, which further along was stretched across the entire street. Under this state of facts, we cannot say plaintiff's decedent was guilty of contributory negligence as a matter of law in proceeding along that part of the highway which was apparently open to public travel. The court erred in entering the judgment of nonsuit.

The assignments of error are sustained and a new venire awarded.