## Breiner v. C. & P. Home Builders, Inc.

*Thomas F. Traud, Jr.*, and *Cahn & Roberts*, for plaintiffs.

*Ray R. Brennen, James L. Weirbach,* and *Raymond T. Cullen, Jr.*, for defendants.

BACKENSTOE, *J.*, October 15, 1974—We have before us for disposition preliminary objections filed by the Borough of Alburtis and A. L. Wiesenberger Associates. These defendants contend, by way of a demurrer, that under the facts alleged in the complaint they owe no duty to plaintiffs and, therefore, could not breach any duty and, consequently, the complaint against them should be dismissed.

Plaintiffs, in their complaint in trespass, allege they were damaged as a result of flooding caused by an increased flow of surface water coming from adjacent land which had been developed by C & P Home Builders, Inc., and the Schnellman Construction Company. Plaintiffs contend that the borough was negligent because they granted building permits and approved the subdivision plan without taking into account surface runoff problems. Plaintiffs allege that defendant engineers acted as engineers for the borough and the developers and as such were negligent in designing the subdivision plan.

With respect to the liability of the municipality, we are confronted with a somewhat novel situation. Neither party has cited any cases directly on point. In Jacobs v. Nether Providence Township, 58 D. & C. 2d 565 (1972), the court overruled a demurrer where it was alleged that the township designed and approved a drainage system which caused extensive damage to plaintiff's property. We think it clear that the thrust of that opinion was to the fact that the township designed the faulty system. In Morse v. Radnor Township, 50 Del. Co. 145 (1962), a case dealing with surface water damage in which, as here, the township's sole connection with the litigation was the fact that it approved the plans. Since plaintiffs in that case conceded that the plans were properly drawn, the court never reached the question now before us.

The cases primarily relied upon by the borough, Kunkle v. Ford City Borough, 316 Pa. 571, 175 Atl. 412 (1934); Fritch v. Borough of Northampton, 77 Pa. Superior Ct. 385 (1921); Strauss v. Allentown, 215 Pa. 96, 63 Atl. 1073 (1906), are not, in our opinion, particularly helpful. Each of these cases, we think, merely stands for the proposition that suits against municipalities, arising by reason of surface water damage, will be dismissed in the absence of a showing of negligence on the part of a municipality. In an A.L.R. annotation on the subject of liability of municipal corporations for negligent performance of building inspectors' duties, the annotator cites numerous cases from various jurisdictions holding that, as a general rule, municipalities are not liable because of governmental immunity: 41 A.L.R. 3d 567. This defense is, of course, no longer recognized in Penn-

slvania: Ayala v. Philadelphia Board of Public Education, 453 Pa. 584, 305 A. 2d 877 (1973).

Accordingly, since neither counsel nor the court has been able to find any controlling precedent, we are constrained to approach the issue by applying basic theories of the law of negligence. In this regard questions of foreseeability, duty, proximate cause and the like appear. The complaint alleges first that the negligence of defendant borough consisted of granting building permits and approving a subdivision plan without making reasonable investigations and without taking a reasonable precaution for surface runoff problems. In addition, the complaint charges that the borough was negligent in failing to correct the surface water runoff problems after same were called to its attention. With respect to the second allegation, we are not aware of, nor has counsel brought to our attention, any case or principle of law which imposes a duty upon a municipality to correct surface runoff problems that arise between two landowners. With respect to the granting of building permits and approving a subdivision plan, plaintiffs argue that the borough has a statutory duty to plaintiffs (without citing the pertinent statute). In the Act of July 31, 1968, P.L. 805, secs. 502, et seq., as amended, 53 PS, §10502, et seq., the legislature set forth the procedures and manner in which a borough or other municipality may enact subdivision and land development ordinances. Section 503 of the act provides what that ordinance may include. We assume that the Borough of Alburtis did enact a subdivision ordinance in accordance with the statute. However, this ordinance has not been pled, nor has counsel provided us with a copy. Thus, we have no knowl-

edge as to whether this ordinance imposes a duty upon the borough to take into account the effect of water drainage on adjacent properties.

We think this information essential to resolving the question of whether an adjoining landowner could or should be able reasonably to rely on a municipality to protect that landowner's interest when it approves a subdivision plan: Fiduccia v. Summit Hill Construction Co., 109 N.J. Super. 249, 262 A. 2d 920; 41 A.L.R. 3d 561 (1970). Accordingly, we will sustain the demurrer but give plaintiffs the opportunity to plead again, if they so choose.

With respect to the demurrer filed by defendant engineers, the complaint alleges that they negligently prepared a subdivision plan for defendant, C & P Home Builders, Inc.

Assuming, as we must, that the allegation of the complaint is true, we think this is a sufficient pleading to withstand a demurrer. If an agent, in the performance of his duties, is guilty of negligence which causes injury to a third person, he is personally responsible therefor: Restatement 2d, Agency, §350; Mumbower v. Weaver, 282 Pa. 605, 128 Atl. 535 (1925).

## ORDER

And now, October 15, 1974, the demurrer of A. L. Wiesenberger Associates is dismissed and the said defendant is directed to file an answer on the merits within 20 days of the service of this order upon its counsel.

The demurrer of the Borough of Alburtis is sustained and the complaint against that defendant is dismissed unless plaintiffs shall file an amended complaint within 20 days of the service of this order upon its counsel.