## Bear, Appellant, *v.* City of Allentown.

*Constitution, article XVI, section 8—"Property taken, injured or destroyed"—Inadequate sewer—Municipal corporation.*

A municipal corporation is not liable, under the provisions of section 8 of article XVI of the constitution, for damages to property occasioned by the inadequacy of a sewer constructed by it.

Argued Feb. 3, 1892. Appeal, No. 94, Jan. T., 1892, by plaintiff, Solomon Bear, from judgment of C. P. Lehigh Co., April T., 1888, No. 45, refusing to take off nonsuit. Before PAXSON, C. J., GREEN, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Trespass for damages to property.

The facts shown at the trial before REEDER, P. J., specially presiding, were as follows:'

Plaintiff brought this common law action, under the provisions of article XVI, section 8, of the constitution, to recover damages occasioned by water backing up on the street in front of his premises, by reason of a sewer constructed by defendant being insufficient to carry it off. The water overflowed into the cellar of the property adjoining that of the plaintiff, and into a sink in this cellar, thence finding its way into the plaintiff's cellar and injuring his property.

The court below entered a nonsuit and subsequently refused to take it off, REEDER, P. J., delivering the following opinion:

" On the argument for the motion to strike off the compulsory nonsuit in this case, it was conceded that the court, in giving its reasons to the jury at the time of the entry of the compulsory nonsuit, stated the law correctly as laid down by the Supreme Court in the case of Green v. Borough of Reading, 9 Watts, 382 ; and the line of decisions recognizing the same principle which was the law of Pennsylvania prior to the adoption of the constitution in 1874, but that by reason of article 8, section 16, of such constitution, no property of a private citizen could be taken by a municipality for any purpose or injured in any way without there being a right of action. In the reasons which I gave to the jury at that time for the entry of the compulsory nonsuit, I stated that even if that principle were correctly stated that a recovery could not be

had in this form of action. In this I was mistaken. As no provision has been made by an act of assembly for a recovery of damages in cases such as this, if the right of recovery exist at all the remedy would have to be by common law action.

"Where a special remedy is given by statute the common law remedy will not lie : Boom Co. v. Sanderson, 81* Pa. 402. This has been recognized by the courts to be correct in principle.  Therefore, if there is no statute of the state of Pennsylvania giving a special remedy in cases of this character, and there is any cause of action at all, the remedy must be by a common law action such as this, and, if the plaintiff has a right to recover at all, he would have the right to recover under this form of action.

"This brings us to a consideration of the only question which we will have to determine upon this motion, that is : Whether a party being injured in his estate by a municipality in the way the plaintiff complains he was injured has any right of action at all.

"In order to be entitled to recover under the constitutional provision referred to, there must be such an actual and immediate depreciation in the value of the property following immediately upon the construction complained of as to constitute a material injury to the value of the property. Where, for instance, a municipality erects public works, changes or improves highways so as to depreciate the market value of any property in the neighborhood of such works, there would be a right of action. But that is not this case. The plaintiff does not complain that the mere construction of the sewer in itself depreciated the market value of his property, and this action is not brought for such depreciation. But his complaint is that because of an error of judgment on the part of the municipal authorities in the exercise of their legislative functions the sewer was inadequate for the purpose for which it was constructed, and that consequently the water which it was intended it should carry off was dammed up and backed over upon his property, and into his cellar, undermining his foundation wall, and that this damage is the damage that he seeks to recover for.

"I am very clearly of the opinion that such damages do not fall within the purview of the constitutional provision. This

principle is well settled by our Supreme Court in the case of Collins v. City of Philadelphia, and Hoff v. City of Philadelphia, 93 Pa. 272; which seems to rule the very point raised by the plaintiff on this motion.

" We will therefore have to refuse to strike off the entry of the compulsory nonsuit."

*Errors assigned* were, inter alia, (1–2) entry of nonsuit and refusal to take it off; (5) the opinion of the court as above quoted.

*Levi Smoyer*, with him *John D. Stiles* and *Harry G. Stiles*, for appellant.

*John Rupp*, city solicitor, for appellee.

PER CURIAM, March 28, 1892:

We affirm this judgment upon the opinion of the learned judge below on the motion to strike off the compulsory nonsuit.