# Beach, Appellant, *v.* Scranton.

*Road law—Change of grade—Damages—Jury—Trespass.*

An owner of land who has recovered damages in proceedings before a jury of view for injuries to his land resulting from the execution of a plan for grading a street, has no standing subsequently to maintain an action of trespass against the city for injuries caused by an additional flow of water on the land, where it appears that the injury alleged was the direct, immediate and unavoidable result of the ex cution of the plan under which the city completed the grading of the street.

In such a case the burden is upon the plaintiff to show that there had been negligence in the performance of the work called for by the plan, or a failure upon the part of the city to maintain the work after it was done.

Argued Jan. 19, 1904. Appeal, No. 21, Jan. T., 1904, by plaintiff, from order of C. P. Lackawanna Co., Sept. T., 1896, No. 467, sustaining exceptions to referee's report in case of

Elizabeth Beach v. City of Scranton.    Before RICE, P. J., BEA-
VER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON,
JJ.    Affirmed.

Trespass to recover damages for injuries to land.
Exceptions to report of L. P. Wedeman, Esq., referee.
The opinion of the Superior Court states the case.

*Error assigned* was in sustaining exceptions to report of ref-
eree, and in entering judgment for defendant.

*A. A. Vosburg* and *Charles W. Dawson*, for appellant.—If un-
finished, careless, and negligent construction causes an increased
flow of surface water upon private property, the city is liable
in.damages : Wallace v. City of Muscatine, 4 Greene (Iowa),
373 ; Gilluly v. Madison, 63 Wis. 518 (24 N. W. Repr. 137) ;
Bohan v. Avoca Borough, 154 Pa. 404 ; Torrey v. Scranton,
133 Pa. 173 ; Sullivan v. Pittsburg, 5 Pa. Superior Ct. 357 ;
Elliott v. Oil City, 129 Pa. 570 ; Haus v. Bethlehem, 134 Pa.
12 ; Markle v. Boro. of Berwick, 142 Pa. 84 ; Weir v. Plymouth
Boro., 148 Pa. 566 ; Indianapolis v. Lawyer, 38 Ind. 348.

*David J. Davis*, city solicitor, with him *H. R. Van Duesen*,
assistant city solicitor, for appellee.—Where the legislature pro-
vided a specific remedy for the recovery of damages for injuries
sustained by the construction of a work of internal improvement,
by a corporation, the party injured cannot have recourse to a
common-law action : McKinney v. Monogahela Nav. Co., 14
Pa. 65 ; O'Connor v. Pittsburg, 18 Pa. 187 ; Railroad Co. v.
McLanaham, 59 Pa. 23 ; Koch v. Water Co., 65 Pa. 288 ;
Righter v. Phila., 161 Pa. 73 ; Pusey v. Allegheny, 98 Pa. 522 ;
Rodgers v. Phila., 181 Pa. 243.

OPINION BY PORTER, J., July 28, 1904 :
The city of Scranton, in the year 1891, in the lawful exercise
of authority conferred upon it by statute caused the actual
work of grading Garfield avenue to be done upon the ground
in front of plaintiff's property.    The lot of the plaintiff was
below grade and she objected to the filling of the street in
such a manner that the slope of the fill would extend over her

property line, and to avoid such a fill it would have been necessary, in order to grade the street of its full width, to build a wall in front of the property. The plan of the improvement was, while the work was in progress, duly modified by the city authorities, so as to provide for grading the street in front of plaintiff's property for a part only of its width. The work was executed in accordance with the plan as modified. The city accepted and paid the contractor for the work. Viewers were duly appointed by a court of competent jurisdiction to assess the damages and benefits resulting from the grading of the street; the plaintiff appeared before those viewers, presented her claim and was awarded damages which were paid by the city.

An action of trespass was brought by the plaintiff against the city in 1896, the statement in which alleged that her property had been injured by casting upon it water which would not naturally have found its way there, resulting from three causes : (a) The grading of Garfield avenue, (b) negligence in constructing gutters and drains on the side of said street and (c) negligence in failing to maintain said gutters and keep them free from rubbish. The case by agreement of the parties was tried before a referee under the provisions of the act of 1869. The referee found that the plaintiff's property had been injured by having water cast upon it to the flow of which it would not under natural conditions have been subject.

He made detailed findings as to the physical conditions which caused this additional flow of water upon the plaintiff's land, but every one of these conditions was the inevitable result of the grading of Garfield avenue, as it was done upon the ground in 1891. The referee did not find, nor would the evidence have warranted a finding, that the city had after the grading in 1891 done anything upon the ground which could possibly have injured the property of the plaintiff. There was no finding that there had been any negligence in doing the work under the plan which the city finally adopted, for grading the street. The findings of fact by the learned referee establish beyond all question, that the injury for which the plaintiff here demands damages was the direct, immediate and unavoidable result of the execution of the plan under which the city completed the grading of the street. This was an injury

for which the plaintiff was entitled to recover, and which she must be presumed to have recovered, in the proceeding before the viewers ; it was included in the award of damages which she there obtained : Cooper v. Scranton City, 21 Pa. Superior Ct. 17 ; Pusey v. Allegheny, 98 Pa. 522 ; Righter v. Philadelphia, 161 Pa. 73 ; Rodgers v. Philadelphia, 181 Pa. 243.

The referee did not find, nor did the evidence establish that the city had failed to properly maintain all the drains and trenches which it had made upon the line of the street. The city had not failed to maintain in proper condition all the public works resulting from the execution of the plan under which it graded Garfield avenue. The burden was upon the plaintiff, in this proceeding, to show that there had been negligence in the performance of the work called for by the plan, or a failure upon the part of the city to maintain the work after it was done, and having failed to do so she was not entitled to recover. The facts found by the referee did not warrant the conclusion of law at which he arrived, and the court below was clearly right in entering judgment in favor of the defendant : Thornton v. Insurance Company, 71 Pa. 234.

The judgment is affirmed.