## Robinson, Appellant, v. Norwood Borough.

*Boroughs—Opening streets—Damages—Remedy—Viewers—Action of trespass.*

Where a borough opens and grades a street, and there is no negligence in the actual performance of the work, the damages, if any, resulting to private property must be ascertained not in an action of trespass, but in the statutory proceedings before viewers. The mere fact that the borough deviated from a previously adopted plan and scheme of grading, as a result of which an increased amount of water was precipitated upon private property, is not such negligence as to make an action of trespass the proper remedy, instead of the statutory proceeding before viewers.

Argued Feb. 5, 1906. Reargued May 2, 1906. Appeal, No. 166, Jan. T., 1905, by plaintiff, from judgment of Superior Court Oct. T., 1904, No. 131, reversing judgment of C. P. Delaware Co., Dec. T., 1903, No. 223, on verdict for plaintiff, in case of Joseph Robinson v. Borough of Norwood. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ., on reargument. Affirmed.

Appeal from Superior Court. See 27 Pa. Superior Ct. 481. The facts appear by the opinion of the Supreme Court.

*Error assigned* was the judgment of the Superior Court.

*William I. Schaffer*, with him *William Gorman*, for appellant.—Trespass was the appropriate remedy: Stork v. Phila.,

195 Pa. 101 ; .Elliott v. Oil City, 129 Pa. 570 ; Torrey v. Scranton, 133 Pa. 173 ; Weir v. Plymouth Borough, 148 Pa. 566 ; Bohan v. Avoca Borough, 154 Pa. 404 ; Frederick v. Lansdale Borough, 156 Pa. 613 ; Borough of West Bellevue v. Huddleston, 23 W. N. C. 240 ; Carpenter v. Lancaster, 212 Pa. 581.

*Edward P. Bliss*, for appellee.—The plaintiff was not entitled to recover in trespass : White v. Borough of McKeesport, 101 Pa. 394 ; Beltzhoover Borough v. Gollings, 101 Pa. 293 ; Power v. Ridgway Borough, 149 Pa. 317 ; Cooper v. Scranton, 21 Pa. Superior Ct. 17 ; Hoster v. Phila., 12 Pa. Superior Ct. 224 ; Chatham Street, 16 Pa. Superior Ct. 103 ; Curran v. East Pittsburg Borough, 20 Pa. Superior Ct. 590.

OPINION BY MR. JUSTICE STEWART, May 14, 1906 :

The only question in this case is one of remedy. Admitting plaintiff's right of redress, how was it to be obtained ?; by an action in trespass, the remedy he adopted, or by the statutory proceeding for the assessment of damages resulting from the borough's improvement? The injury complained of in the plaintiff's statement was, that in consequence of the borough's wrongfully, carelessly, and negligently constructing and opening certain streets and avenues, and altering, changing and otherwise interfering with the grade of the land and direction of the water courses contiguous and adjacent to plaintiff's premises, large quantities of surface water were made to run and flow from the lands and said avenues above, about or lateral to the premises of the plaintiff down to, upon, over and through plaintiff's property, which before the constructing and opening of said avenues, and the altering and changing the natural grade of the land and direction of the water courses had flowed away from the plaintiff's premises.

It is to be observed that the only injury alleged is the increase in the discharge of water upon plaintiff's premises ; the manner and method of its discharge are not complained of. If there were nothing in the case but the mere fact that there was an increased discharge of water upon plaintiff's property resulting from the opening, grading and construction of the streets, the only remedy available to the plaintiff would be by statutory proceeding. The averment that the work in connection with

the opening and construction of the streets was done negligently, and that the negligence of the borough and its employees in this regard was the cause of the increased flow, would make an action of trespass the proper remedy, provided the facts sustained the averment. No matter how strongly negligence be averred, if the facts proved warrant no such inference, of course trespass could not be maintained. The plaintiff's evidence failed to show that the flow of water upon his premises was from any larger surface area than was contemplated by the borough authorities, in connection with the improvements they were making; or that any increased flow resulted from failure to observe the original plans for their improvement, unless such result followed a change of plan at the crossing of Sylvan and Ridley avenues. Plaintiff's property fronts on Ridley avenue. Sylvan crosses Ridley at right angles about 300 feet to the north. According to the natural lay of the ground at the intersection of the two avenues, the water flowing down Ridley avenue, before reaching plaintiff's property, if not artificially obstructed—except such portion as would find its way to the west along Sylvan avenue—would flow down Ridley avenue to the plaintiff's premises on the opposite side of the street, just where it now flows. There was some evidence to show, and indeed it may be conceded as a fact in the case, that according to the original plan of improvement, it was designed to arrest the flow of water down Ridley avenue and along the west side, at the crossing of Sylvan avenue, and conduct it eastward along Sylvan avenue. Had such plan been observed, plaintiff's property would then have received only the water that gathered below Sylvan avenue and such as came from above on the west side of Ridley, if any. This scheme was not observed in the final grading, and Sylvan avenue was so graded that the water coming from Ridley avenue north of Sylvan on the east side of the avenue, and that gathering on east Sylvan, flowed down Ridley and was discharged on the premises of the plaintiff. As the case is presented here, this is the only material fact in all the evidence to be considered. Whatever other increase of flow upon plaintiff's premises there may be, clearly results from the general plan of grades adopted by the borough; and for any damage that plaintiff may have sustained in consequence, his remedy would be under the statutory proceeding. His contention is that the

divergence from the original plan at the crossing of Sylvan and Ridley avenues, was negligence ; and this states the only question in the case.   It is quite evident that the case on its appeal is made to turn on something that was not reckoned of much moment on the trial.   The effort there was to show disturbance of natural channels and increased area of drainage to the injury of the plaintiff, through artificial causes, without suggestion of negligence, except as it might be sought to derive such inference from the borough's adoption and execution of an imperfect and defective system of grading.   Here the argument is that a portion of this increased flow results from a negligent disregard by the borough's employees of the adopted scheme for grading, at the intersection of the two avenues, Ridley and Sylvan.   The evidence in regard to the situation at this particular point is very meager, and most of it is to be found on defendant's side of the case.   It is not complained that the actual work was done negligently ; in other words, that because of defective materials or insufficient drains or culverts, the flow of the water had been directed in a way not intended.   It is admitted that if the design was to carry the water from East Sylvan avenue down Ridley, the work has been carefully and adequately accomplished.   The only negligence charged is deviation from the original plan.   The plaintiff rested his case with showing the deviation.   With the burden upon him to prove negligence, certainly something more than this was required.   It was not for the jury to infer from the single fact that there was want of correspondence at this point between the paper and the actual grade, that the variation resulted from negligence.   We must assume, for nothing is here asserted to the contrary, that the borough entered upon these improvements with due observance of all legal requirements, and that what it did in this connection it had a right to do.   The power that determined the grades in the first instance had the right to alter and amend the plans whenever necessary to meet conditions that had not been considered ; and for all that appears in the plaintiff's case the change made at this particular point may have been determined upon by the borough authorities with the same deliberation and formality as was observed in the adopting of the original plan.   The only explanation of the change is to be found in the testimony of the bor-

ough engineer, a witness called by defendant.    It is this witness's testimony that is relied on to show negligence.    A brief reference to it will show a contrary effect.    On Sylvan avenue, some 200 yards east of the point of intersection with Ridley, there is a summit, and a considerable cut at that point would have been required in order to conduct the water to the east as originally contemplated.    When asked why the present grade was adopted, bringing the water to Ridley, the witness's reply was : " For the simple purpose that the property owners objected to the deep cut.    We had a plan with two grades, one with a summit, and one with the street grade ; the summit was adopted first, and afterward the street grade was adopted." Instead of supporting the claim of negligence, this evidence negatives it in a very direct way.    It shows that the work was directed to the very end in view, and so far as appears it was in the exercise of a rightful authority.

For whatever injury the plaintiff has sustained by reason of the facts complained of, he can have proper redress by the statutory proceeding, and it is his exclusive remedy.

The assignments of error are overruled and the judgment is affirmed.