## Ringwalt, Appellant, *v.* Atglen Borough.

*Sewers—Boroughs—Plan adopted by borough—Negligence.*

1. An owner of property abutting on the line of a sewer in a borough, cannot recover in an action of trespass for such injuries to his property as were the direct and necessary consequence of the construction of the sewer according to the plan adopted by the borough authorities; for such injuries he is confined to the remedy provided by the statutory proceeding before viewers.

2. Municipalities are not bound to provide sewerage for the natural flow of the surface water, although they are invested with the power to construct such sewers as in the judgment of the officers exercising the corporate powers are necessary and expedient. When they do adopt a plan of sewerage they are not liable to answer in an action of trespass for damages resulting from the inadequacy of the sewers constructed according to the plan to meet the purpose contemplated, although they may be called upon to answer for injuries resulting from negligence in the actual work of construction, or for failure to keep the work in repair after it is completed.

3. It is a matter within the discretion of the borough authorities whether it is necessary to place iron rods at the inlet of a sewer to prevent the entrance of rubbish which might clog the sewer, and the exercise of such discretion cannot be reviewed by judge or juries.

Argued Nov. 20, 1911. Appeal, No. 77, Oct. T., 1911, by plaintiff, from order of C. P. Chester Co., Aug. T., 1910, No. 111, refusing to take off nonsuit in case of Jacob P. Ringwalt v. Atglen Borough. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Trespass to recover damages for the flooding of a cellar. Before BUTLER, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was refusal to take off nonsuit.

*J. Frank E. Hause*, for appellant.—That a municipality is not liable for constructing a sewer too small to carry water is well settled. This, without more, is purely an error of judgment either as to the area to be drained or the quantity of water to be carried: Fair v. Phila., 88 Pa. 309; Collins v. Phila., 93 Pa. 272; Vanderslice v. Phila., 103 Pa. 102.

It is difficult to imagine a stronger case of the negligent performance of municipal work: Siegfried v. So. Bethlehem Boro., 27 Pa. Superior Ct. 456; Rife v. Middletown, 32 Pa. Superior Ct. 68.

*Arthur T. Parke*, with him *John J. Gheen*, for appellee.— In an action against a municipality to recover damages for injuries resulting from the wrongful construction and maintenance of a public sewer, no recovery can be had where the evidence shows that the plaintiff's premises are connected with the sewer without the consent of the municipal authorities first being obtained: Dasher v. Harrisburg, 20 Pa. Superior Ct. 79; Weir v. Haverford Electric Light Co., 221 Pa. 611.

Where the sewers are not defectively constructed or left out of repair, the municipality cannot be made responsible for an error in the judgment of the city authorities, as to the size a sewer should have been constructed: Fair v. Phila., 88 Pa. 309; Collins v. Phila., 93 Pa. 272; Bealafeld v. Verona Boro., 188 Pa. 627; Sullivan v. Pittsburg, 5 Pa. Superior Ct. 357; Fyfe v. Turtle Creek Boro., 22 Pa. Superior Ct. 292; Beach v. Scranton, 25 Pa. Superior Ct. 430; Pressman v. Dickson City Boro., 13 Pa. Superior Ct. 236; Siegfried v. So. Bethlehem, 27 Pa. Superior Ct. 456; Barrett v. Minersville Boro., 38 Pa. Superior Ct. 76; Metzgar v. Lycoming Twp., 39 Pa. Superior Ct. 602.

OPINION BY PORTER, J., March 1, 1912:

The plaintiff in this action of trespass filed a statement averring that the defendant borough had constructed and maintained, "across and under Main Street and thence along and under Valley Road, a sewer, for the purpose of carrying the water that falls upon and along the highways of the borough and collects therein; that said sewer was constructed and is maintained in so negligent and unskillful a manner that the water which should flow through the same and away from plaintiff's property is caused to back and flow into the cellar of the house thereof, rendering it damp and unhealthy," and averring damage to the property as a consequence. The plaintiff at the trial produced evidence tending to establish that his house situate on the west side of Main street was built upon low, flat land, that in order to drain the water from his cellar he had placed under the surface a four-inch pipe leading from the floor of the cellar to the open ditch or drain at the side of the public street; that in 1909 the borough had constructed the sewer in question and as a part of the detail of the plan for said sewer had installed an inlet on the west side of Main street, at a point distant about 175 feet from the point at which plaintiff's pipe entered the drain at the side of the street; this inlet was eighteen inches high and thirty-six inches wide and in it were inserted three perpendicular iron rods one inch in diameter, thus dividing the thirty-six inches of width into four equal spaces, for the purpose of protecting the sewer against the entrance of material likely to clog it. The evidence would have warranted a finding that, after the completion of the sewer according to the plans adopted by the borough, the inlet to the sewer on the west side of Main street, sometimes when there was an unusually heavy rainfall, failed to take the water as rapidly as it accumulated, and the open drain on the west side of Main street would become full of water, which would then flow back through the four-inch pipe which plaintiff had installed and into his cellar. The court below entered a judgment of nonsuit which it

subsequently refused to take off and the plaintiff appeals.

The plaintiff cannot in this action recover for such injuries to his property as were the direct and necessary consequence of the construction of the sewer according to the plan adopted by the borough authorities; for such injuries he was confined to the remedy provided by the statute, a proceeding before viewers: Fyfe v. Turtle Creek Borough, 22 Pa. Superior Ct. 292; Barrett v. Minersville Borough, 38 Pa. Superior Ct. 76; Robinson v. Norwood Borough, 27 Pa. Superior Ct. 481. Municipalities are not bound to provide sewerage for the natural flow of the surface water, although they are invested with power to construct such sewers, as in the judgment of the officers exercising the corporate powers, are necessary and expedient. When they do adopt a plan of sewerage they are not liable to answer in an action of trespass for damages resulting from the inadequacy of the sewers constructed according to the plan to meet the purpose contemplated, although they may be called upon to answer for injuries resulting from negligence in the actual work of construction or for failure to keep the work in repair after it is completed: Bealafeld v. Verona Borough, 188 Pa. 627; Cooper v. Scranton, 21 Pa. Superior Ct. 17; Siegfried v. South Bethlehem Borough, 27 Pa. Superior Ct. 456. This borough cannot be held liable to answer in an action of trespass because the plan adopted by its officers was not the best that engineering skill might have devised. The burden was upon this plaintiff to prove negligence in the actual performance of the work called for by the plan, or a failure upon the part of the borough to maintain the work after it was done: Robinson v. Norwood Borough, 215 Pa. 375; Beach v. Scranton, 25 Pa. Superior Ct. 430. The plaintiff produced no evidence tending to show that this sewer was not constructed of the best possible materials and in strict accordance with the plans adopted by the borough authorities. The placing of iron rods at the inlet of the sewer, to prevent the entrance

of rubbish which might clog the sewer, was a part of the plan adopted by the borough authorities. Whether it was necessary thus to protect the sewer was a matter within their discretion to determine, and the exercise of that discretion is not to be reviewed by courts and juries. This inlet was part of the improvement when completed, and if viewers had been appointed to assess damages and benefits they would have been required to take the completed work, as a whole, into consideration in making their assessments. There was no evidence that the borough had failed to keep the sewer in repair. The plaintiff testified that at one time, after it had been raining, he found "straw, debris and sticks, and things of that kind," lodged against the iron rods at the inlet of the sewer and interfering with the entrance of water thereto, but he did not state how long this obstruction had been there. Even if this had been a material obstruction of the sewer the borough authorities had no knowledge of it, and the circumstances were not such as to charge them with constructive notice: Siegfried v. South Bethlehem Borough, 27 Pa. Superior Ct. 456; Vanderslice v. Philadelphia, 103 Pa. 102. The plaintiff having failed to produce any evidence which would have warranted a finding of such negligence upon the part of the authorities as to render the borough liable to answer in damages, the judgment of nonsuit was properly entered and there was no error in the refusal of the court below to take it off.

The judgment is affirmed.