## Martin *v.* Ambridge & Baden Street Railway Company, Appellant.

*Street railways—Negligence—Injury to property—Change in grade of street—Boroughs—Statutory remedy.*

Where a borough ordinance grants to a street railway company a right to use a street in consideration of the company's undertaking to raise to the new grade of the street all buildings abutting thereon, the borough, however, to pay damages resulting from the change of grade, an owner of a mill abutting on the street, after having recovered damages from the borough in a statutory proceeding, cannot maintain an

action against the street railway company for loss from the alleged negligent delay of the company in completing the work, where the evidence shows that the owner of the mill had full knowledge of the ordinance, and the time limit specified therein for the completion of the work, that he consented to the raising of his building by the railway company, and that the company completed the work within the time specified by the ordinance.

Argued May 11, 1914.   Appeal, No. 10, April T., 1914, by defendant, from judgment of C. P. Beaver Co., Dec. T., 1910, No. 268, on verdict for plaintiff in case of N. Martin v. Ambridge & Baden Street Railway Company and the Beaver Valley Traction Company. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.   Reversed.

Trespass to recover damages for an alleged loss of profits.   Before GALBREATH, P. J., specially presiding.

From the record it appeared that the plaintiff claimed damages in the sum of $7,000.

The material portion of the statement of claim was as follows:

In June of 1906 the plaintiff, N. Martin, was the owner of a certain tract of land situate on the western side of State street in the borough of Baden, in the county of Beaver and state of Pennsylvania, upon a part of which lot or tract of land there was erected a gristmill which was then in operation.

That the said defendants, by virtue and in pursuance of an ordinance of the borough of Baden, changed the grade of said State street by raising the same in front of said premises about twelve feet, and some time in July or August of said year, raised the said mill building and placed it upon a new foundation about ten feet above the original foundation thereof.

That the said defendants raised the said building negligently and carelessly and from June of 1906 until January, 1907, the said plaintiff was unable to operate said mill by reason of said raising and by reason of the

negligent manner in which said work was done by the said defendants.

That the said defendants were careless in the performance of said work and unnecessarily long in doing the same.

The ordinance referred to in the statement of claim authorized the defendant to occupy State street in the borough of Baden with its tracks in consideration of an undertaking on the part of the railway company to raise the buildings abutting on the street so as to correspond with the new grade. The borough, however, was to pay damages to the property owners for injuries resulting from the change of grade. The ordinance provided that the work should be completed within eighteen months from the date of the passage of the ordinance. The plaintiff in a statutory proceeding recovered damages from the borough for the change of grade. The evidence showed that the plaintiff consented to the raising of her building with full knowledge of the time limit specified in the ordinance. The building was completed within the time limit.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $700. Defendant appealed.

*Error assigned* among others was (8) refusal of binding instructions for defendant.

*D. A. Nelson*, for appellants.—The absolute liability for an injury to property imposed by the constitution and put by it on the same footing as a taking for public use, is such injury only as is the direct, immediate, necessary and unavoidable consequences of eminent domain itself, irrespective of care or negligence in the doing of it. For such injury, a proceeding before viewers is the appropriate remedy: Stork v. Philadelphia, 195 Pa. 101; O'Brien v. P. S. V. R. R. Co., 119 Pa. 184;

City of Philadelphia v. Linnard, 97 Pa. 242; Seither v. Philadelphia Traction Co., 125 Pa. 397; Thorp v. Boudwin, 228 Pa. 165; Johnson Company v. Philadelphia, 236 Pa. 510.

Loss of profits cannot be considered: Schuylkill Nav. Co. v. Thoburn, 7 S. & R. 411; Becker v. Philadelphia & Reading R. R. Co., 177 Pa. 252; Western Penna. R. R. Co. v. Hill, 56 Pa. 460; Pittsburg & Western R. R. Co. v. Patterson, 107 Pa. 461; Pittsburg, Virginia, etc., R. R. Co. v. Vance, 115 Pa. 325.

*W. A. McConnel,* for appellee.—Wherever there is no time fixed for the performance of a contract it is presumed that the contract is to be performed within a reasonable length of time, and what is a reasonable length of time is ordinarily a question for the jury: Kille v. Reading Iron Works, 141 Pa. 440.

Trespass was the proper remedy: Beach v. Scranton, 25 Pa. Superior Ct. 430.

While the action in the present case is one of trespass for negligence or failure to perform certain work by the street railway company, it is really for the breach of an implied contract between the street railway company and Naomi Martin, and under the peculiar circumstances of this case we think that the only fair measure of her damages is the loss of profits which she might have received during the time she was unnecessarily deprived of the use of her property by the street railway company: Wilson v. Wernwag, 217 Pa. 82.

OPINION BY KEPHART, J., December 20, 1914:

The borough of Baden by ordinance entered into a contract with the defendants, whereby the defendants agreed, in consideration of a grant of right of way upon which to construct, maintain and operate a line of street railway, to widen State street, grade, curb and pave the same for a distance of one and a quarter miles; to raise to grade all buildings abutting on State street and to

make such fills about the buildings and lots affected thereby, as would place the properties in as good condition in relation to the street, and other properties, as they were prior to the commencement of the work; to raise or lower to grade all streets intersecting State street as circumstances demanded. The borough of Baden assumed all claims for damages to abutting properties due to the grading of the street. The work contemplated was of some magnitude and at places required State street to be raised a considerable distance; possibly 37,000 yards of earth were used in bringing the street up to the new grade. The plaintiff was the owner of a gristmill at the corner of State and Schiller streets. Both streets were to be raised from nine to eleven feet along the property and to meet this newly established grade plaintiff agreed to permit the mill property to be raised as provided for in the ordinance. At the time the work was commenced in June, 1906, the mill had been in continuous use as a country gristmill. The work was completed about the first of January, 1908. During this period plaintiff was unable to operate the mill. Upon the completion of the work the borough of Baden presented its several petitions to the court of common pleas of Beaver county, for the appointment of viewers to assess the damages occasioned by the municipal improvement hereinabove recited. An appeal was taken from the award of viewers which resulted in a verdict and judgment for the plaintiff and which the borough of Baden has since fully paid.

The plaintiff instituted this present action for the purpose of recovering damages, for the loss of profits, arising from the interference with the milling business; in that the defendants through negligence were unnecessarily long in completing the work. The verdict and judgment having been rendered in favor of the plaintiff the defendants take this appeal. If these defendants are liable in this action they must be liable through negligence. All claims for damages for munic-

ipal improvements not the result of negligence would be properly allowed under the statutory proceedings; and include such claims, that are the direct, immediate, necessary and unavoidable consequences of the acts of eminent domain, and which may arise from the general plan or scheme under which the work is done; carrying into effect the acts of eminent domain, irrespective of care or negligence: Stork v. Philadelphia, 195 Pa. 101: Beach v. Scranton, 25 Pa. Superior Ct. 430; Ringwalt v. Atglen Boro., 49 Pa. Superior Ct. 517; Robinson v. Norwood Boro., 215 Pa. 375. Therefore, if no negligence be shown, the presumption would be that this plaintiff recovered in her proceedings against the borough all the damages she was entitled to receive: Beach v. Scranton, supra. "The claim of a property owner for the opening (or grading) of a street must be asserted as an entirety, and if any part of it be omitted he is estopped from afterward setting it up:" Rodgers v. Philadelphia, 181 Pa. 243.

This ordinance provided for the grading, paving and curbing of this street in a manner satisfactory to the borough. The general scheme of the work as planned, provided for a gradual grading of the street by layers or lifts, giving ample opportunity for the earth to settle to prevent disturbances in the street after it had been curbed and paved. The material for the grading was in certain instances to be taken from places as might be selected by the borough, abutting properties thereon were to be raised to grade, the street to be curbed and paved in accordance with the specifications provided in the ordinance. It further provided that "the said street railway and the grading, curbing and other work shall be completed within eighteen months after the date of the passage of this ordinance. . . . Provided, however, that an additional time be allowed to that specified above, equivalent to the time of any delays caused by the said Borough in establishing the grade of State street." The establishing of the grade of State street

necessarily included, the establishing of the grade of the intersecting streets, where this new grade of State street would disturb the old grade of the intersecting streets. The new grade of State street was changed some ten feet causing the grade of Schiller street to be changed. The ordinance fixing the grade of State street became effective April 26, 1906, and of Schiller Street July 28, 1906, when they were duly advertised. It may be said, as it bears upon the general proposition, that the work was completed within the time specified in the ordinance.

The plaintiff's claim for damages covers the entire period of eighteen months. She avers in her statement that the defendants "were careless in the performance of said work and were unnecessarily long in doing the same." Wherein was this defendant negligent? Plaintiff's building was close to the line of the street and under her evidence it took six months to raise it. During the remainder of the eighteen months she could not enter her property because of "the want of grading"; that the building should have been raised ready for use as a mill in from sixty to ninety days; that during some of this period of eighteen months the machinery was left out of alignment; the walls were not properly constructed, all of which caused an unnecessary delay. Her evidence shows that she assented to the raising of her mill. It is in this assent that plaintiff finds her chief difficulty in recovering in this action. The testimony with respect to this assent and her contract with the borough is as follows, her husband who was her agent testifying: "Q. Then as the work progressed I understood you to say the mill was raised? A. Yes, sir. Q. Who raised the mill? A. Herring Brothers of Pittsburg. Q. By virtue of what authority was the mill raised? A. The borough of Baden. Q. Was any request made of you for permission to raise the mill? A. Yes, sir. Q. And did you consent to its being raised? A. Yes, sir, we consented; the committee of

council went along, getting the people to help speed the work in fixing the street, and of course they passed there, and we consented to the raising of the property. Q. And that was for what purpose? That is, the property was raised for what purpose,—the mill building? A. It was raised for the borough's purposes, in putting the street through, and the street car line, and so on." From the testimony submitted by this plaintiff in her action against the borough of Baden, which evidence was admitted in the present case, the following appears: "Q. Do you mean that the town council of Baden borough ever entered into a contract with you or your wife for the raising of that building? A. May I tell the way of it? Q. Answer yes or no, and then you may explain. A. Yes. Now I will explain. They met on the street, and this ordinance being talked of, we agreed because the ordinance was there. Q. Who agreed? A. I did, for my wife, with James K. Scott, secretary of council? Q. You agreed, with Mr. Scott, secretary of council? A. With Mr. Scott, and the street committee, the other gentlemen that were along. Q. Who were they? A. I can't name them, there was a good many in the crowd. Q. What agreement did you make? A. They came along and asked if it would be allowed to raise the property according to the ordinance that was granted. That's all. We knew the ordinance. Q. Did you ever meet with council, and did the council take any action entering into an agreement with you? A. No, but they met on the street at the mill." This testimony shows the plaintiff fully understood all matters in the ordinance that affected her. Having thus agreed that her property was to be raised, under the ordinance and the plan provided therein, she was bound by its terms; and all the evidence in the case showing that the work was substantially completed as therein provided, the plaintiff cannot now complain. There can hardly be an inference of negligence in doing the thing one expressly contracts to do. The condition of the mill and ma-

chinery was in evidence merely to show why the work was delayed, but as it was completed within the time limited by the contract, the doing of the work was not "unnecessarily prolonged to her injury."

The evidence relied upon to show unreasonable delay was directed toward this particular building. This was not sufficient. The inquiry (apart from the question we have already discussed) should have been directed at the entire work under the general scheme of construction not to an isolated portion of it. While the cross-examination of plaintiff's witness attempted to develop this inquiry, it is apparent the witness was not prepared to answer, and the answer was at best but a guess. This witness was called for the purpose of showing how long it would take to raise the mill building and put it in proper condition.

The appellee earnestly contends that there was an implied agreement between the plaintiff and defendant separate and distinct from the agreement between the defendant and the borough; which implied agreement arose from the consent given by this plaintiff to the borough to raise her mill building. We cannot agree with the learned counsel. Whatever rights plaintiff had, with relation to this matter in dispute, arose from her consent to the building being raised pursuant to the terms of the ordinance. The contract established by this ordinance when accepted by the defendants created certain rights and liabilities, which would not be disturbed, by implying additional rights, in favor of a third peron incidentally affected by that contract; where the person so affected with full knowledge of the contract consents to the performance of matters contemplated by this contract. In this instance, the time within which the entire work was to be completed was an important provision. In fixing this time defendants no doubt considered all the uncertainties of contract work. Plaintiff's consent would not lessen this period of time. Her contract with the borough was that the

borough could raise the building pursuant to the terms of the contract embodied in the ordinance between the street railway company and the borough. This contract provided that the defendant "shall raise to . . . . grade . . . . all buildings along said street . . . . and . . . . complete . . . . the work . . . . within eighteen months." Whatever rights the plaintiff had generally, arose from the character of the improvements made and the plan upon which the same were carried out as evidenced by the contract and the consent of the plaintiff to this general plan of doing the work. We need not discuss the question as to whether or not the present claim was actually considered in the statutory proceedings. We have concluded to sustain the eighth assignment of error and our conclusion makes it unnecessary to discuss the remainder of the assignments.

The judgment is reversed.