# Herwick, Appellant, v. Connellsville Borough.

*Practice, C. P.—Judgment n. o. v.—Jury fee.*

The court in making an order directing judgment to be entered in favor of the defendant non obstante veredicto cannot incorporate in the order a direction requiring the defendant to pay the jury fee.

*Practice, C. P.—Judgment n. o. v.—Statement of reasons for the judgment.*

Where the plaintiff, after having taken an appeal from a judgment for defendant n. o. v. allows the case to rest for seven years, and after the trial judge has retired from office, he cannot object to the order because it did not point out the evidence which sustained the setting aside of the verdict; and especially is this the case where the court does cite in the order two cases upon the authority of which the order is stated to have been made.

*Sewers—Negligent construction—Diversion of waters—Municipalities—Grading street.*

A municipality has the right in grading a street in connection with the construction of a sewer, to make such changes in the system of drainage as it sees proper, and there is no presumption of negligence arising from the mere fact that such change was made. In the absence of actual negligence in doing the work, the municipality cannot be held in damages in an action of trespass.

Argued April 17, 1916.  Appeal, No. 111, April T., 1915, by plaintiff, from order of C. P. Fayette Co., March T., 1907, No. 30, entering judgment for defendant n. o. v. in case of Ella N. Herwick v. Connellsville Borough. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

Trespass to recover damages for injuries to real estate. Before UMBEL, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order directing judgment to be entered for defendant n. o. v. quoted in full in the opinion of the Superior Court.

*James R. Cray,* with him *D. W. McDonald,* for appellant.

*E. C. Higbee,* for appellee.

OPINION BY TREXLER, J., October 9, 1916:

This was an action of trespass. The jury found in favor of the plaintiff. On June 21, 1907, the court entered the following order: "And now, June 21, 1907, upon and after due consideration, and under the authority of Herr v. Altoona, 31 Pa. Superior Ct. 375, and Robinson v. Norwood Borough, 215 Pa. 375, the defendant's motion for judgment under the Act of April 22, 1905 (P. L. 286), is sustained, and judgment is hereby directed to be entered accordingly in favor of the defendant and against the plaintiff, non obstante veredicto on payment of the jury fee." On September 1, 1914, more than seven years thereafter, the court granted leave to the plaintiff to pay the jury fee and on payment thereof the prothonotary was directed to enter judgment in favor of the defendant against the plaintiff in acordance with the order above quoted. The Act of March 29, 1805, 4 Smith's Laws, provides for the payment of a jury fee by a party for whom the verdict is given. As there was no verdict entered for the defendant, we cannot see under what statute the court had authority to require a payment of the jury fee before judgment could be entered. Under the Act of April 22, 1905, P. L. 286, the court is directed "to enter such judgment as should have been entered upon that evidence" and at the same time grant to the party against whom the decision is rendered, an exception. It may either overrule or sustain the motion, and if the motion is sustained, entry of judgment follows. There is certainly no authority given to the court to require the defendant to pay the jury fee, and that part of the order would seem to be surplusage and of no effect. As however the directions to enter judgment was not a final judgment (Keystone Brewing Co. v. Canavan, 218

Pa. 161) and as the error was made by the court and not by either of the suitors (Patterson v. Kountz, 63 Pa. 246,) we do not think we should quash the appeal.

Upon the other questions involved, we think the decision of the lower court must be sustained. The plaintiff filed two statements. The first alleged damages by reason of the grading of Pittsburgh street along the line of her property and the negligent construction of a sewer. There was no evidence, falling within the statutory period, produced at the trial of the case sustaining the averments set forth. The second statement, an amendment of the first, fails to allege negligence but states that the borough had increased the area of natural drainage and changed the natural water courses, channels and drainage ways, thereby diverting the natural course of waters and directing them towards plaintiff's property causing them to accumulate in a depression in the street in front of her property thus causing the damages complained of. At the trial the claim of the plaintiff was narrowed down to the injury done by the diversion of the waters. The grading of Cedar street, it appears, interfered with the natural drainage and augmented the flow of waters on Pittsburgh street. In submitting the case to the jury, the court confined the claim to injuries occasioned by surface waters. This seems to have been satisfactory to both sides as no exceptions were taken to the charge and no instructions were asked for as to the interference with natural water courses. As there was no negligence alleged or shown in the performance of the work that is claimed to have caused the damage, the damages must be ascertained in the statutory proceedings before viewers: Robinson v. Norwood Borough, 215 Pa. 375; Martin v. Ambridge & B. St. Ry. Co., 58 Pa. Superior Ct. 578. The question of negligence was not submitted to the jury. It appears that certain sewer-drops were closed by the borough in the grading of the street and plaintiff claims that there is an inference of negligence to be drawn from this and that it was in-

cumbent upon the defendant to show that these sewerdrops were lawfully closed by some legal action of the borough to that end previously taken.  The burden to prove negligence was on the plaintiff.  When public improvements are made it is presumed that the legal requirements have been complied with: Robinson v. Norwood Borough, 215 Pa. 375; Herr v. Altoona, 31 Pa. Superior Ct. 375.  The borough, undoubtedly, had the right in the grading of Cedar street to make such changes in the system of drainage as it saw proper and there is no presumption of negligence arising from the mere fact that such change was made.

The appellant claims that the order sustaining the defendant's motion for judgment is not such as is required under the Act of 1905, supra; that it does not comply with the rule laid down in Hunt v. Philadelphia, Etc., Ry. Co., 224 Pa. 604, in that it does not point out in the opinion the evidence which sustains the setting aside of the verdict and that where this is not done the case will be remanded for the purpose of having the omission supplied.  It seems to come with bad grace from the plaintiff after allowing the case to rest for seven years, and after the trial judge no longer is in office, to ask us to be strict in enforcing this rule and we are not inclined so to do, nor do we think we are required.  The court did state the authority under which he entered the rule: Herr v. Altoona, 31 Pa. Superior Ct. 375; Robinson v. Norwood Borough, 215 Pa. 375.  We may admit that this was not as full an opinion as would ordinarily be required, but a reference to those cases clearly indicate what reason the court had for entering the judgment and the remanding of the case to the trial judge is now impossible for the reason above stated.  We may add that at the time the opinion was filed, the practice in regard to the Act of 1905 in this respect had not been authoritatively settled.

Judgment affirmed.