## Schrœder *v.* Borough of Mechanicsburg, Appellant.

*Municipalities—Boroughs—Road law—Damages — Practice, C. P.—Proceedings before viewers.*

The owner of property abutting on a street in a borough cannot recover, in an action of trespass, for injuries to his property caused by percolating waters, which were the direct and necessary conse-

quence of certain municipal improvements, constructed according to the plan adopted by the borough authorities. For such injuries he is confined to the remedy provided by statutory proceedings before viewers.

Where, in the grading and improvement of a street, water which would not naturally find its way over the property owned by the plaintiff, thereafter was diverted upon it, the remedy was by proceedings before viewers, and not in an action of trespass.

The burden of proving negligence was upon the plaintiff, and the mere fact that the injury resulted after the improvement was completed raises no presumption of negligence.

A municipality has the right in grading a street to make such changes of drainage as it deems proper, and there is no presumption of negligence arising from the mere fact that such changes were made.

A municipality may be called upon to answer for negligence in the actual work of construction, or for failure to keep the work in repair after it is completed, but not for lack of judgment in the selection of a plan.

Argued March 8, 1920. Appeal, No. 8, March T., 1920, by defendant, from judgment of C. P. Cumberland County, Feb. T., 1915, No. 228, on judgment for plaintiff in the case of Anna Koser Schrœder, by her Guardian Grace Koser Schrœder, v. Borough of Mechanicsburg. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Trespass to recover damages for injuries to real estate. Before GILLAN, P. J., 39th Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $194 and judgment thereon. Defendant appealed.

*Errors assigned* were the charge of the court, answers to points and refusal of defendant's motion for judgment non obstante veredicto.

*E. M. Biddle, Jr.,* and with him *Harry M. Zug,* for appellant.—The borough cannot be called to answer for

534 SCHRŒDÈR v. MECHANICSBURG BORO., Appel.

lack of judgment in the selection of the plan under which the streets were improved: Carr v. Northern Liberties, 35 Pa. 324; Fair v. Phila., 88 Pa. 309; Collins v. Phila., 93 Pa. 272; Cooper v. Scranton, 21 Pa. Superior Ct. 17; Beach v. Scranton, 25 Pa. Superior Ct. 430; Ringwalt v. Atglen Boro., 49 Pa. Superior Ct. 520.

The proper remedy for the plaintiff was before a board of viewers and not in an action of trespass: Curran v. East Pittsburgh Boro., 20 Pa. Superior Ct. 590; Cooper v. Scranton, 21 Pa. Superior Ct. 17-22; Robinson v. Norwood Boro., 27 Pa. Superior Ct. 481; Robinson v. Norwood, 215 Pa. 375; Ringwalt v. Atglen Boro., 49 Pa. Superior Ct. 520.

*William M. Hargest,* and with him *John D. Faller* and *George E. Lloyd,* for appellee.—The borough was guilty of negligence in closing up a gutter for the accommodation of surface water which it had maintained for many years and an action of trespass was the proper remedy: Torrey v. Scranton, 133 Pa. 173; Bohan v. Avoca Boro., 154 Pa. 404; Rohrer v. Harrisburg, 20 Pa. Superior Ct. 543; Rife v. Boro. of Middletown, 32 Pa. Superior Ct. 68; Betham v. Phila., 196 Pa. 302; Weir v. Plymouth Boro., 148 Pa. 566; Frederick v. Lansdale Boro., 156 Pa. 613; Elliott v. Oil City, 129 Pa. 570; Cooper v. Scranton, 21 Pa. Superior Ct. 17.

OPINION BY TREXLER, J., July 14, 1920:

Plaintiff's house is situate at the intersection of Main and Arch streets in the Borough of Mechanicsburg. A street car line turns the corner in front of plaintiff's property and the surface water which gathered at the place was conveyed by a culvert under the railroad tracks to the other side of the street. This culvert had been put in by the trolley company in accordance to plans prepared by the company when the road was constructed. In 1910 the borough by ordinance provided for the paving of Main street with brick and in the con-

struction of the concrete base which formed part of the improvement the culvert above referred to was removed and an open space was left where the culvert had been. To use the expression of one of the witnesses "the trolley track was standing up in the air." Through this open space the water continued to find an outlet for two or three months when the borough caused the gap to be filled with earth and thus blocked the path through which the water collecting at the corner had been discharged. The water thereafter collected at the corner of plaintiff's property and percolated through the earth into the cellar causing the damage complained of.

The present action is in trespass, and plaintiff's statement avers that the borough negligently constructed or allowed and permitted to be constructed on a portion of the streets at the intersection thereof a certain heap, mound and obstruction, and by means thereof divers large quantities of surface water and filth were and continued to be dammed back and diverted from its natural flow and deposited on the property of the plaintiff and over said premises. The gist of the action quoting from the appellee's argument is, "the negligence of the borough in filling up the gutter which always had been maintained." The uncontradicted testimony in the case was that it was necessary, following the method or plan that had been adopted by council, to take out the culvert in order to do the street paving. The street was paved with four-inch concrete on which a sand cushion of two inches was placed and over that block brick. Why the sand and brick were not put on the level the culvert occupied, does not appear, but the open space in its unfinished condition formed no part of the general scheme of improvement. Apparently there was no safe passage for vehicles over this gap that had been left and after complaint made, the authorities caused it to be filled in, in order that there might be a continuous level surface. It was the duty of the borough to maintain the street in a reasonably safe condition for ordinary travel: Levine

v. City of Pittsburgh, 252 Pa. 181. It would have been negligence on the part of the borough to have allowed the street to remain as it was. It therefore could hardly be charged that the filling up of the gap was negligence. The origin of plaintiff's trouble was the removal of the culvert and this was done in pursuance of the plan of paving the street adopted by council. The borough had the undoubted right to inaugurate the improvement, to perform the work required and if unfinished, complete it by filling in the gap that had been left by the removal of the culvert. The action in filling up the culvert was the necessary consequence of the carrying out of the plan of paving of the street. That there was an interval of two or three months before the improvement was complete does not change matters. Certainly there is no evidence that the borough intended to leave the open trench permanently as a watercourse or had adopted it as such to take the place of the former culvert. We think the remedy of the plaintiff was by petition for viewers to assess the damages caused by the improvement. We fail to find any negligence causing the injury on the part of the borough. We held in Robinson v. Norwood Borough, 27 Pa. Superior Ct. 481, that where in the grading and improvement of a street water which would not naturally find its way there flowed over the land owned by the plaintiff that the remedy was by proceedings before viewers and not an action of trespass. In that case the natural and necessary consequence of the improvement of the street according to the plan adopted was to extend the watershed of which the land was the outlet. A number of cases are cited in the opinion supporting the view adopted by this court. The conclusion of this court was sustained by the Supreme Court in Robinson v. Norwood Borough, 215 Pa. 375. It was held that the injury plaintiff had sustained, should find its redress under a statutory proceeding which afforded an exclusive remedy. See also Ringwalt v. Atglen Borough, 49 Pa. Superior Ct. 517; Barrett v.

Minersville Borough, 38 Pa. Superior Ct. 76; Curran v. E. Pittsburgh Borough, 20 Pa. Superior Ct. 590.

The burden of proving negligence was upon the plaintiff and the mere fact that injury resulted after the improvement was completed raises no presumption of negligence. It may be admitted that the result shows that the improvement was not planned according to the best engineering skill, else there would not have been a collection of water at the corner of plaintiff's property, but the adoption of a particular scheme of improvement was with the borough council and it cannot be held for lack of skill in not selecting the very best plan. It might be called upon to answer for negligence in the actual work of construction, or for failure to keep the work in repair after it is completed but not for lack of judgment in the selection of a plan: Ringwalt v. Atglen Borough, supra; Collins v. Phila., 93 Pa. 272. In Herwick v. Connellsville, Boro., 64 Pa. Superior Ct. 540, we held that the borough had the right, in the grading of a street, to make such changes in the system of drainage as it saw proper and there was no presumption of negligence arising from the mere fact that such change was made. When the borough undertook the improvement of the street by the paving of it, a statutory remedy was afforded to this plaintiff to have his damages assessed by viewers and as we said before this afforded an exclusive remedy.

Plaintiff's recovery should have been sought in proceeding for the appointment of viewers and not in action of trespass.

Defendant's motion for judgment non obstante should have prevailed. The judgment is reversed and is now entered for the defendant.

KELLER, J., dissents.