## Ehrenwerth et ux. v. Scottdale Borough.

*Adam B. Shaffer* and *John W. Pollins*, for plaintiffs.

*John L. Mollison*, for defendant.

COPELAND, P. J., June 23, 1930.—This is an action brought by the plaintiffs against the defendant to recover the sum of $1500. The plaintiffs' statement of claim states their case as follows: That on and prior to August, 1926, one of the plaintiffs, Mollie Ehrenwerth, was the owner in fee simple of certain real estate in the Borough of Scottdale which is described as follows: First tract being lot No. 180 in plan of lots laid out by John I. Everson, and the second tract being lots numbered 181 and 182 in the plan of lots laid out by John I. Everson; that these lots front 120 feet on the westerly side of Fifth Avenue, and have erected thereon a three-story ten-room frame dwelling house and other improvements; that on or about August, 1926, the market value of the real estate and improvements was approximately $5000; that on and before August, 1926, Fifth Avenue was regularly laid out and accepted as a public street by the Borough of Scottdale and dedicated to public travel; that on or about August, 1926, the Borough of Scottdale raised the grade of Fifth Avenue approximately five feet in front of these lots; that by reason of the raising of the grade and the leveling and the filling in of Fifth Avenue, the properties of the plaintiff are approximately five feet lower than the traveled portion of Fifth Avenue; that by reason of the filling in of this street, the surface waters which formerly drained over Fifth Avenue now are impounded on the premises of the plaintiffs, often entering the lower story, and that because of these improvements the property has been depreciated in value from $5000 to $3500.

To this statement of claim an affidavit of defense was filed by the borough raising questions of law. The question of law raised by the five assignments in this affidavit of defense is that the plaintiffs' statement of claim does not allege negligence, and, therefore, an action in trespass cannot be maintained; that the remedy, if any the plaintiffs have, must be by application to the court for the appointment of viewers.

In all cases where the right of eminent domain is exercised by a borough, or where property is injured by the improvement of a street by a borough, the property owner has the right to recover damages, but the courts seem to hold that where property is not taken or injured by negligence, the appro-

priate remedy is by having damages assessed by a board of viewers and not by an action in trespass.

The damages claimed in this case by the plaintiffs are based on the change of grade of Fifth Avenue, in the Borough of Scottdale. The Act of May 14, 1915, P. L. 312, governs the proceeding in this case. The Act of 1915 has been substantially reënacted by the Act of May 4, 1927, P. L. 519, but the injury complained of having occurred prior to the passage of the Act of 1927, the Act of 1915 applies.

Chapter 6, article III, section 1, of the Act of 1915 provides: "The right to damages against boroughs is given to all owners or tenants of lands, property, or material abutting on or through which pass roads, streets, lanes, or alleys injured by the laying out, opening, widening, vacating, extending, or grading of such roads, streets, lanes or alleys, or the changing of the grades or lines thereof: the construction and the vacation of bridges and piers, abutments and approaches therefor, and the construction of sewers, over, upon, or through such lands or property."

Chapter 6, article II, section 2, provides: ". . . in case the compensation for damages or benefits accruing therefrom have not been agreed upon, any court of common pleas or any law judge thereof in vacation, on application thereto by petition by the borough or any person interested, shall appoint three viewers from the board of viewers of the county, and appoint a time, not less than twenty nor more than thirty days thereafter, when the viewers shall meet upon the line of the improvement and view the same and the premises affected thereby."

The Act of 1915 is substantially a reënactment of the Act of May 16, 1891, P. L. 75. The Act of 1915 is complete in its legal remedies for damages in a case where the grade of a street is raised.

Where a statutory remedy is provided, that remedy must be pursued to the exclusion of all other actions. In Cooper v. Scranton City, 21 Pa. Superior Ct. 17, we find this language of Judge Porter, quoting from pages 21 and 22: "A statutory remedy having been provided for the enforcement of the constitutional right, that remedy ought to have been pursued. The ascertainment of the damages and benefits arising from the execution of a public work by a municipality, is a matter in which the public has, and many private individuals may have, an interest. It is important that those who are to receive compensation for injuries and those who are to pay for benefits accruing to the property should all be heard before the same board of viewers, in order that all conflicting rights may be considered. The measure of damages in such a case is different from that which applies in an action of trespass. The benefits to the property as a whole must be taken into consideration, in connection with any injury that may result to land or buildings. If each individual owner of land upon a newly graded street were permitted to settle his rights in an action of trespass, the result would lead to confusion and be prejudicial to the rights of the public. When the injury to property is such only as is the direct, immediate and necessary or unavoidable consequence of the act of eminent domain itself, irrespective of care or negligence in the manner of the execution of the work, a proceeding before viewers is the appropriate remedy: Denniston v. Philadelphia Co., 161 Pa. 41; Stork v. Philadelphia, 195 Pa. 101. We are of opinion that the plaintiff was not entitled to recover in an action of trespass, and that the point of the defendant requesting a binding instruction ought to have been affirmed."

In Denniston v. Philadelphia Co., 161 Pa. 41, it is said in the first paragraph of the syllabus: "The inconvenience and injury caused by the location of a

properly constructed and carefully operated pipe line may be considered in a proceeding for the assessment of damages to the land through which it passes, but such as are produced by the negligent construction and operation of the pipe line cannot be considered in such a proceeding."

In this case there is a clear distinction pointed out between what may be tried before a board of viewers and what may be tried in an action of trespass where negligence is the foundation of the action.

In the later case of Stork v. City of Philadelphia, 195 Pa. 101, it is clearly settled that for injuries which result from the direct and necessary consequences of the act of eminent domain itself, the liability and the amount of damages are to be determined by viewers while damages resulting from the manner in which the act was done are to be determined by an action of trespass. The first paragraph of the syllabus in that case, which is fully supported by the opinion, is as follows: "The absolute liability imposed upon a municipality by the Constitution for injury to property and put by the Constitution on the same footing as a taking for public use is such injury only as is the direct, immediate, necessary and unavoidable consequences of the act of eminent domain itself, irrespective of care or negligence in the doing of it. For such injury a proceeding before viewers is the appropriate remedy; but for injury by negligent performance of the work the remedy must be by action of trespass."

In the still later case of Robinson v. Norwood Borough, 215 Pa. 375, Mr. Justice Stewart, in delivering the opinion of the court, clearly pointed out and emphasized the fact that unless negligence was alleged and that averment sustained, the action to ascertain damages could not be by trespass, but in the statutory proceedings before viewers. The first paragraph of the syllabus in that case reads as follows: "Where a borough opens and grades a street, and there is no negligence in the actual performance of the work, the damages, if any, resulting to private property must be ascertained, not in an action of trespass but in the statutory proceedings before viewers. The mere fact that the borough deviated from a previously adopted plan and scheme of grading, as a result of which an increased amount of water was precipitated upon private property, is not such negligence as to make an action of trespass the proper remedy, instead of the statutory proceeding before viewers."

The cases that we have heretofore cited have all been decided under the Act of 1891, supra. The Act of 1915, supra, succeeded the Act of 1891, supra, for the regulation of damages, and since it in substance reënacts the Act of 1891, in so far as the regulation of damages is concerned, the decisions that we have heretofore quoted will apply with the same force and effect to it as to the Act of 1891.

As we said before, the plaintiffs do not aver that the grading and filling in of Fifth Avenue by the Borough of Scottdale was not done according to legal requirements or that the work was done with negligence, and, as stated in the opinion of Mr. Justice Stewart in Robinson v. Norwood Borough, supra, "We must assume, for nothing is here asserted to the contrary, that the borough entered upon these improvements with due observation of all legal requirements and that what it did in this connection it had a right to do."

The proper legal remedy for damages such as claimed by the plaintiffs in this case has been settled by a large number of decisions of both the Superior and Supreme Court of this state, and we again repeat that the exclusive remedy for damages for which the plaintiffs claim in their statement of claim is by proceedings before viewers, and that an action of trespass is not the

proper legal remedy for damages in such a case as stated by the plaintiffs' statement of claim.

The application for a board of viewers under the statutory provisions for cases of this character may be made at any time within six years from the entering upon the property or from the date of entrance upon the street which caused the injury complained about.

And now, to wit, June 23, 1930, after argument and after due and careful consideration, it is ordered, adjudged and decreed that the question of law raised in the affidavit of defense be and the same is hereby resolved in favor of the defendant, under the provisions of section 20 of the Act of 1915, and the plaintiffs are barred from prosecuting this action any further.

From William S. Rial, Greensburg, Pa.